## Ramage *versus* Peterman.

Where the evidence of the location of a survey is conflicting or doubtful, it must be referred to the jury; but where the evidence is clear and there is no room for doubt as to what land is included, the law of the case as to which of the parties has the better title to the interference is for the Court, and they may give a binding direction upon the same.

· Where the jury, directly against the charge of the Court, found a verdict for the plaintiff, the Court had authority to send them out to reconsider their finding, and record their verdict subsequently rendered in favour of the defendant.

ERROR to the District Court of *Allegheny county.*

This was an ejectment brought by Benjamin Ramage to recover from Philip Peterman about three acres of land lying in Jones's district of the depreciation lands. The plaintiff was the owner of tract No. 12; the defendant, of tract No. 18. The land in dispute was included within the lines of both tracts. The title to the depreciation tracts dates from the patent. The defendant's patent for No. 18 was dated 30th August, 1786; the plaintiff's, for No. 12, on the day following.

The Court below (WILLIAMS, J.) instructed the jury to find for the defendant. The jury returned into Court with a verdict in favour of the plaintiff. They were thereupon instructed by the Court to retire and reconsider their finding, and having done so, brought in a verdict for the defendant.

The counsel for the plaintiff objected to sending the jury out a second time, and requested to have the verdict recorded as the jury had returned it; which the Court overruled.

The instruction to find for the defendant, and the refusal of the Court to record the verdict as the jury first brought it into Court, were the errors assigned.

*Woods,* for plaintiff in error.

*Bruce* and *Shinn,* for defendant in error.

The opinion of the Court was delivered by

KNOX, J.—Where contradictory evidence is given of the location of a survey, or where from the evidence the true location is doubtful and uncertain, it must be referred to the jury to determine the land included in the survey; but where there is no conflict in the evidence, and no room for doubt or hesitation in regard to the location, there is nothing to leave to the jury, and the questions of law are for the Court. Such was the case in hand. From the evidence given on both sides, it was perfectly clear that, as originally surveyed, the land in controversy was included in

both numbers 12 and 18. Not a "single spark of evidence" was offered or received, from which a doubt could arise as to the true location of these surveys, and hence it became simply a question of law, which gave the better title. And this was equally free from difficulty. To the depreciation surveys the title attaches from the date of the patent, and as the defendant's patent was the older by one day, it gave him priority of right. There was nothing in the case to impair the defendant's title, and therefore the District Court rightly charged the jury that the verdict should be for the defendant.

In the face of the charge, the jury returned with a verdict for the plaintiff; but, upon the request of the Court, they reconsidered their verdict, and, in obedience to the instruction, found for the defendant.

We entirely approve of the course pursued by the District Court in recommending a reconsideration of the verdict. Had the first one been received, it would of course have been set aside at once, and a new trial ordered. Where a verdict is returned directly contrary to the charge of the Court, it is but fair to presume that the jury have mistaken their instructions, and it is far better to give them an opportunity to correct the mistake, than to impose upon the parties the delay and expense of another trial.

Judgment affirmed.