Alfrederick S. Hatch, Respondent, *v.* Henry Y. Attrill et al., Appellants.

In an action against the directors of a corporation, organized under the act of 1875 (Chap. 611, Laws of 1875), providing for the organization of certain business corporations, to recover a debt of the corporation, on the ground that defendants had signed a certificate, stating that the capital stock had been paid in, which was false, a report was offered in evidence by plaintiff, which was signed by the commissioners, to whom a license to open books for subscription to the capital was issued, which stated that the books were opened for subscriptions to the stock ; that certain persons subscribed, each one at the time paying in cash ten per cent of the par value of each share so subscribed for; that at least one-half of the stock was subscribed in accordance with the statute, and that a meeting was then called, by-laws made and directors of the company elected. Defendants were two of those commissioners. Objection was made to so much of this report as related to the action of the commission ; this was overruled. It afterwards appeared, but had not then been shown, that ten per cent of the subscription had been paid in cash. *Held,* that the reception of the evidence was not error ; that the report was part of the statutory proceedings to complete the organization of the company and was competent.

The whole stock of the company was issued in payment for a piece of land conveyed to the company by defendant A., which plaintiff claimed was of much less value than the amount of the stock. One of the plaintiff's witnesses gave, without objection, his opinion as to the value of the property so conveyed; after his cross-examination defendant's counsel moved to strike out this evidence as incompetent. This motion was denied. *Held,* no error ; that the ruling was within the discretion of the court; that if the effect of the cross-examination upon the question of value was such that it was not entitled to any consideration, defendant's counsel had the right to have the jury so instructed by charge of the court, but not to have it stricken out on motion.

Defendants offered to show that the certificate in question was filed in consequence of a suggestion of F., one of the original plaintiffs, that one should be made and filed, for the purpose of relieving defendant A. from liability under the statute, which provides, that the stockholders shall be severally individually liable to the creditors of the company to an amount equal to that of stock held by them respectively, for all debts and contracts of such company, until the whole amount of the capital stock has been paid in and a certificate thereof been made and recorded. (§ 37.) The certificate filed made no reference to the property; this evidence was objected to and excluded. *Held,* no error; that it did not tend to show acquiescence of F. in the truth of the certificate; nor could it be inferred

from it, that a false certificate was within his contemplation, but rather, that the requisite statutory certificate should be made.

After the jury retired they were directed by the court, with the consent of the parties, to bring in a sealed verdict the next morning, if they agreed in the meantime. They then presented a sealed verdict for plaintiff for $50,000 ; the amount of the company's indebtedness to him was $163,695.31. The court refused to receive the verdict and directed the jury to again retire and instructed them, that if they found a verdict for the plaintiffs, to find it for the full amount claimed, which they did. *Held*, no error; that the question as to whether or not plaintiff was entitled to recover, was one of fact for the jury, but when this was found for the plaintiff, the measure of damages was the amount of the debt, and this he was entitled to recover; that the court had power to refuse to receive a verdict, which was not such a one as the jury was legally at liberty to render, and before it was recorded, to send the jury back to reconsider it.

(Argued December 6, 1889; decided January 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of May, 1886, which affirmed a judgment in favor of plaintiff entered on a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*James C. Carter* for Henry Y. Attrill, appellant. Grave errors were committed in the admission and exclusion of evidence as to value of the property. (*Reed* v. *Rome*, 48 Henry 231 : *Sthurm* v. *Williams*, 38 N. Y. Super. 325.)

*Coles Morris* for Henry Y. Attrill, appellant. The motions to dismiss the complaint or to direct a verdict for the defendants, which were made at the close of the case, should have been granted. (*Cotton* v. *Wood*, 8 C. B. [N. S.], 568 ; *Hayes* v. *F. S. S. R. R. Co.*, 97 N. Y. 259 ; *Dwight* v. *G. L. Ins. Co.*, 103 id. 358, 359 ; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 365 ; *Schwinger* v. *Raymond*, 105 id. 648 ; *Shultz* v. *Hoagland*, 85 N. Y. 464 ; *Morris* v. *Talcott*, 96 id. 100 ; *Dillon* v. *Dillon*, 7 Eng. Eccl. Rep. 391 ; *Pollock* v. *Pollock*, 71 N. Y. 142.) Under the circumstances of this case, it is impossible to say that the defendants were not injured by the

erroneous rulings and instructions to the jury, to which exceptions were taken. (*N. Y. G. & I. Co.* v. *Gleason*, 78 N. Y. 514–517; *Smith* v. *Orego*, 7 N. Y. Supl. 86; *Shultz* v. *Hoagland*, 85 N. Y. 464; *Morris* v. *Talcott*, 96 id. 100; *Green* v. *White*, 37 id. 405; *Stokes* v. *People*, 53 id. 183; *Smith* v. *Shoemaker*, 17 Wall. 630.) The learned trial judge also erred in refusing to receive the sealed verdict which the jury rendered in favor of the plaintiffs for $50,000, and the exception by the defendants to such refusal was well taken. (*Sutliff* v. *Gilbert*, 8 Ohio, 405; *Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 437.) The learned trial judge also erred in giving instructions, as he did, to the jury in the absence of the counsel for the defendants, after refusing to receive the sealed verdict and before he directed them again to retire. (*W. T. B. & L. Co.* v. *Mix*, 51 N. Y. 558; *Campbell* v. *Becket*, 8 Ohio St. 210.)

*Delos McCurdy* for William K. Soutter, appellant.

*W. W. MacFarland* for respondent. The ruling excluding the testimony of Attrill as to a statement made to him by Fisk, originally one of the plaintiffs, was proper. (Lindley on Part. 307, 309, 412; *Wetmore* v. *Porter*, 92 N. Y. 82; *King* v. *Sarria*, 69 id. 28; *Calkins* v. *Smith*, 48 id. 614; *Menagh* v. *Whitehall*, 46 id. 143; *Crook* v. *Rindskopf*, 105 id. 476.) Evidence as to the company's financial condition was relevant, material and part of the *res gestae*. (*F. Nat. Bk.* v. *Tisdale*, 84 N. Y. 655; *Humphrey* v. *People*, 18 Hun, 393; *Allen* v. *Coit*, 6 Hill, 318; *Heath* v. *Corning*, 3 Paige, 566.)

Bradley, J. The purpose of this action was to recover the amount of a debt alleged to be due to the plaintiff from the Rockaway Beach Improvement Company (limited), a corporation organized pursuant to the general act providing for the organization and regulation of certain business corporations. (Laws 1875, chap. 611.) The defendants were directors of the company, and the alleged ground of the

action is that a certificate signed by them, representing that the amount of the capital stock of the company, amounting to $700,000, was fully paid, was false; and that they were charged with liability by the statute which provides that, " If any certificate or report made, or public notice given, by the officers of any such corporation shall be false in any material representation, all the officers who shall have signed the same shall be jointly and severally liable for all the debts of the corporation contracted while they are officers thereof." (*Id.* § 21.)

The payment for the capital stock was made by the conveyance by defendant Attrill to the company of 120 acres of land subject to a mortgage of $72,000. And the alleged falsity of the certificate was in the fact, as also alleged, that the value of the land so conveyed was much less than the amount of the stock. The certificate in question here is the same, and the facts on the merits are, in all respects, substantially so in this case as in that of *Huntington* v. *The Same Defendants*, decided at the present session of this court.* For a more particular statement of the facts, and for the views of the court upon the legal propositions presented, reference may be had to the opinion of the court in the *Huntington case*. There are a few additional questions arising upon exceptions in this case. They will be considered. The statute provides that, on filing the certificate with a view to the formation of a corporation, the secretary of state shall issue a license to the persons making the certificate, empowering them, as commissioners, to open books for subscription to the capital stock; that the commissioners shall proceed to open books for that purpose, and no subscription shall be received unless at the time of making it, the subscriber pay to the commissioners ten per cent of the par value of the stock subscribed for in cash; and that when one-half of the capital stock has been subscribed, the commissioners shall call a meeting of the subscribers for the purpose of adopting by-laws for and electing directors of the corporation. (*Id.* §§ 4, 5.)

*Note, *ante*, p. 365.

The commissioners to whom the license was issued made their report, by which it was made to appear that books were opened for subscriptions to the stock of the company, and, after stating them, added that at the time of making the subscription, each subscriber paid in cash ten per cent of the par value of each and every share subscribed for by him; and that at least one-half of the capital stock was subscribed in accordance with the statute, and then proceeded to state that a meeting was called, by-laws made and directors of the company elected. The defendants were two of those commissioners, and, with others, signed the report. Upon the trial that report was, by the plaintiff, offered in evidence. Objection was made to so much of it as related to the action of the commission, and exception was taken to its reception. This report was within the statutory proceeding to complete the organization of the company, and was competent, although, perhaps, in view of the pleadings, unnecessary, but the objection was not taken on that ground, or to it, as a whole. The fact that ten per cent of the subscriptions was not paid in cash, had not appeared when this evidence was introduced. The exception was not well taken.

A witness called on the part of the plaintiff gave, without objection, his opinion of the value of the property in question, and, following his cross-examination, a motion made by the defendants' counsel to strike out the evidence of the witness as incompetent was denied and exception taken. There was no error in that ruling. If the effect of the cross-examination upon the evidence of the witness on the question of value was such that it was not entitled to any consideration, the defendants' counsel had the right to have the jury so instructed by the charge of the court, but not to have it stricken out on motion. The most that ·can be said on the defendants' view of the evidence, is that the ruling was within the discretion of the court. (*Gawtry* v. *Doane*, 51 N. Y. 84; *Marks* v. *King*, 64 id. 628; *Platner* v. *Platner*, 78 id. 91; *Stokes* v. *Johnson*, 57 id. 673.)

The defendants offered to show that the certificate in ques-

tion was filed at the suggestion of Mr. Fisk, who was originally one of the plaintiffs in this action, for the purpose of relieving defendant Attrill from liability under the statute, and exception was taken to the exclusion of the evidence. It may be observed that the statute provides that the stockholders shall be severally individually liable to the creditors of the company to an amount equal to that of stock held by them respectively, for all debts and contracts of such company, until the whole amount of the capital stock has been paid in and a certificate thereof has been made and recorded. (Id. § 37.) This evidently was the provision referred to in the proposed proof. And it is contended that the evidence so offered would tend to prove acquiescence of Fisk in the truth of the certificate, and have a bearing upon the valuation put upon the property by the defendants. It is not seen how any such inference could be derived from the evidence offered. The certificate makes no reference to the property, nor could it be inferred by such evidence that a false certificate was within the contemplation of Fisk, but rather that the requisite statutory certificate would be made. Upon that assumption the suggestion was a wise one. It is not seen that the evidence could have had any relevancy to the advantage of the defendants upon any question in this case.

The further question had relation to the rendition of the verdict. Sometime after the jury retired for deliberation, they were directed by the court to bring in a sealed verdict the next morning if they agreed in the meantime. They did then present to the court a sealed verdict in favor of the plaintiffs for $50,000. Upon opening it, the court informed the jury that it could not receive such a verdict, refused to do so, and directed the jury to again retire, and instructed them that if they found a verdict for the plaintiffs to find it for the full amount claimed. The jury retired and afterwards returned into court and rendered a verdict of $163,695.31. The direction that the jury seal their verdict was given in the evening, with the consent of the parties, and the court was then adjourned until the next morning, which was Thanksgiving,

and it was understood that the court should receive the verdict in the morning, and that all motions would be reserved until a subsequent day. The defendants' counsel afterwards appeared in court and excepted to the refusal of the court to receive the verdict as first found by the jury. The amount of the debt due the plaintiff was that for which the verdict was finally rendered. That was not questioned. Whether or not the plaintiff was entitled to recover any sum against the defendants, was a question of fact for the jury, but in the event they found for the plaintiff the amount of the debt was the measure of recovery. When, therefore, the jury found that the plaintiff was entitled to recover, their further duty was plain. The court refused to receive the verdict as first found, because it was not such an one as the jury, under the instructions of the court, legally were at liberty to render, and they were sent back to reconsider the verdict, so far as it related to the question of fact, with directions as to the amount of it in the event they found for the plaintiff. In that respect and in such event it was matter of correction of a mistake. The province of the jury was not to any extent invaded by this action of the court. And before the verdict was recorded, it was within the recognized power of the court for the purpose, and as done in this instance, to send the jury back to reconsider their verdict. ( *Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 437.)

The judgment should be affirmed.

All concur, except POTTER, J., dissenting.

Judgment affirmed.