### McENTYRE v. LEVI COTTON MILLS.

(Filed May 12, 1903.)

EVIDENCE—*Declarations—Agency—Corporations—Officers.*

> The declarations of an agent of a corporation are not competent if made after the transactions and are not a part of the *res gestæ*, and it makes no difference that the agent was an officer of the corporation.

ACTION by H. A. McEntyre against the Levi Cotton Mills Company, heard by Judge *E. B. Jones,* and a jury, at March Term, 1903, of the Superior Court of RUTHERFORD County. From a judgment for the plaintiff, the defendant appealed.

*McBrayer & Justice,* for the plaintiff.
*Eaves & Rucker,* for the defendant.

MONTGOMERY, J. The plaintiff brought this action in the court of a justice of the peace to recover of the defendant $8.35 for work and labor done in the defendant's cotton mill. Judgment was rendered against the defendant for the amount

claimed by the plaintiff. The defendant's defense was that by a rule of the company the usual and customary pay day of the defendant for work in the factory was on the 14th of April, and as the action was commenced before the pay day, i. e., before the amount was due, the plaintiff could not recover. On the appeal of the defendant, the jury answered the issue, "Is the defendant indebted to the plaintiff and if so in what amount? Yes, $8.35." In the Superior Court a witness, Wood, testified that he heard M. Levi, president of the cotton mills, and R. H. Smith, the superintendent, testify in the Justice's court. Wood was then permitted to testify over the defendant's objection that he heard Smith say, in the trial before the justice, that he Smith had discharged the plaintiff from service at the mill; that Levi in the justice's court did not deny owing the amount sued for, but that the amount was not due until the 14th of April. The evidence of Wood was not competent. When the defendant company filed its answer to the claim of the plaintiff, the power of the president or superintendent to make any further admission or declaration which could bind the company in reference to the cause of action, had passed. The admissions or declarations of the agent are received in evidence against the principal, not as admissions or declarations merely, but as parts of the *res gestae;* hence, only such as accompany the transaction in which the agent acted can be proved; what the agent said at a subsequent time is inadmissible. Rice on Evidence, 446. Whatever therefore the agent does, in the lawful prosecution of that business, is the act of the principal whom he represents. And (Story) "Where the acts of the agent will bind the principal, then his representations, declarations and admissions respecting the subject matter will also bind him, if made at the same time and constituting part of the *res gestae.*" Greenleaf on Ev., Sec. 184c; *Branch v. R. Co.,* 88 N. C., 573; *Craven v. Rus-*

*sell,* 118 N. C., 564.   It makes no difference that the agents
Levi and Smith were officers of a corporation.   The same rule
applies.   *Smith v. Melton,* 68 N. C., 108; *Rumbough v.
Imp. Co.,* 112 N. C., 751; 34 Am. St. Rep., 528.

New Trial.