ANNA V. HIGGINS ET AL., APPELLANTS, v. GOERKE-KRICH COMPANY, RESPONDENT.

Submitted December 6, 1917—Decided February 21, 1918.

1. Declarations, made at the time of an accident, in nowise related to the fact of the accident, but essentially an admission of a past occurrence of similar character, are not admissible in evidence as being within the rule of *res gestæ*.

2. Plaintiff, while visiting defendant's department store for the purpose of purchasing an ice box, was shown by one of the salesladies to where a number of ice boxes were standing for inspection. Plaintiff placed her hand on the upper edge of the box for the purpose of enabling her to inspect the lower compartment. While so doing, the lid of the box dropped upon her hand. There was uncontroverted testimony, by an expert furniture salesman that it was the custom in the business to keep the lids of the boxes closed when they are displayed for sale. *Held*, that common knowledge and experience would indicate that such conduct was not *ipso facto* negligence on the part of plaintiff; and, *held also*, that such an occurrence, unexplained, raises a legal presumption of negligence on the part of the defendant.

3. Where there is in the record no dispute upon the material facts, the case does not come within the rule that the Supreme Court will not, upon appeal, review the facts where the only contention is the rule of law applicable to the conceded facts.

On appeal from the Elizabeth District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellants, *John J. Stamler*.

For the respondent, *William E. Holmwood*.

The opinion of the court was delivered by

MINTURN, J. While visiting the defendant's department store in Elizabeth, for the purpose of purchasing an ice box, the plaintiff was shown by one of the salesladies to where a number of ice boxes were standing open for inspection.

The plaintiff, while examining one of the boxes, placed her

hand on its upper edge for the purpose of enabling her to inspect its lower compartment, and while bending down for that purpose the.lid of the box dropped upon her hand, injuring her fingers, the damage to which is sought to be compensated by a recovery in this suit. Immediately after the falling of the lid the saleslady exclaimed that the same thing happened that morning.

An expert furniture salesman, who had charge of an ice box department for eight years in a store, testified that it was the custom in the business to keep the lids of the boxes closed when they are displayed for sale.

The testimony on behalf of the defendant presented no substantial variation from that offered for the plaintiff, except to show that the lid was held back by a chain, at an angle of forty-five degrees, to prevent it falling backward.

The inference remained that there was no resistance presented by chain, or otherwise, to prevent the lid falling forward, as it did on this occasion. Upon this state of facts the learned trial court ordered judgment for the defendant, from which direction this appeal was taken.

Since there is in the record no dispute upon the material facts, the case does not come within the rule that this court will not upon appeal review the facts, where the only contention is the rule of law applicable to the conceded facts.

An initial objection is made to the introduction in evidence of the declaration made by the saleslady at the time of the accident that a similar occurrence happened that morning.

The 'rule is elementary in this department of the law, that to be admissible such testimony must synchronize with the main occurrence so as to be incidental to, or practically part of it, as *res gestæ. Greenl. Evid.,* § 108.

*Blackman* v. *West Jersey, &c., Railroad Co.,* 68 *N. J. L.* 1, is an instance where such an admission or declaration was rejected.

The *res gestæ* in that case was the fall of the plaintiff from a street car. The admission of the conductor while picking her up that the fault was his in failing to observe her.signal to stop was held not to be within the rule of *res gestæ.*

In *Jennings* v. *Okin,* 88 *N. J. L.* 659, the Court of Errors and Appeals reversed the judgment of the trial court upon the ground that the testimony of defendant's agent relative to his destination while driving a motor car for his principal was properly part of the *res gestæ* in ascertaining whether the proposed trip was undertaken upon his own or his principal's business.

The case *sub judice* seems to fall within a zone of time not paralleled by these two cases. The infirmity of the testimony rests in the fact that it was in nowise related to the fact of the accident, but was essentially an admission of a past occurrence of similar character. It is clearly settled by the rules of evidence that such declarations are not admissible.

Professor Greenleaf remarks: "It is to be observed that where declarations are merely narrative of a past occurrence they cannot be received as proof of the existence of such occurrence. They must be concomitant with the principal act." 1 *Greenl.* 126, and cases cited; 10 *R. C. L.* 979, and cases.

But it is to be observed that with that declaration excluded there was still testimony in the case upon which negligence could be predicated.

The plaintiff's expert (Kutoff) testified to a custom of the trade of keeping the lids upon such boxes closed, which practice, if followed in this instance, would have made the accident impossible. There was in addition the conspicuous fact that the plaintiff was an invitee, which fact cast upon the defendant the duty of using reasonable care for her safety, regardless of any additional care made necessary by the doctrine of *scienter,* resulting from previous express or implied knowledge of an existing defect, as in *Schnatterer* v. *Bamberger,* 81 *N. J. L.* 558.

The test of negligence in such a situation is whether under the circumstances the defendant used reasonable foresight to prevent harm or damage to the defendant lawfully upon its premises. *Kingsley* v. *Delaware, Lackawanna and Western Railroad Co.,* 81 *N. J. L.* 536.

In *Monroe v. Pennsylvania Railroad*, 85 *N. J. L.* 688, the Court of Errors and Appeals held that it was not *ipso facto* negligence for a person lawfully upon a railroad platform awaiting the arrival of a train to walk within three feet of the edge of the platform whereby he was injured, unless the danger incident to the act was inherently obvious in the situation. It cannot be said, as a matter of law, in this instance, that the plaintiff's act in grasping the top of the box for the purpose of stooping down and thereby enabling her to examine its interior, was *ipso facto* negligence, in the absence of a caution or warning from someone in authority informing her of the danger incident to the act.

Common knowledge and experience of which we must take notice would indicate that such conduct was not *ipso facto* negligence upon her part. That act constitutes the only element of proof in the case upon which contributory negligence can be predicated. Relieved of that argument against recovery, the case resolves itself into the inquiry whether there is anything in the occurrence to bespeak negligence upon the defendant's part, or at least to cast upon it the onus of showing due care in the presence of the positive testimony of plaintiff's witness Kutoff that the situation clearly presented an absence of due care. The falling of the lid itself under the circumstances was not without its importance upon that inquiry. *Res ipsa loquitur* is the maxim applicable to such a situation, and it raises a presumption of negligence, which it is incumbent on the defendant to rebut by an explanation tending to relieve it of the presumption of absence of any or all care.

In the case at bar no attempt is made by defendant to explain the occurrence from that viewpoint, and, in the absence of an explanation comporting with the exercise of due care and foresight for harm, a case of *prima facie* negligence is established.

The cases are numerous and are collected from this and other states in 29 *Cyc.* 453. In *Scott v. London, &c., Docks Co., 3 H. & C.* 596, falling bags of sugar from a warehouse

struck the plaintiff while passing on the sidewalk, it was held that in the absence of explanation the presumption exists that the accident arose from want of due care.

In *Mullen* v. *St. John,* 57 *N. Y.* 567, plaintiff, while on the sidewalk, was injured by the falling of a wall, which, *ipso facto,* raised a presumption of negligence. In *Jager* v. *Adams,* 123 *Mass.* 26, plaintiff, while on the sidewalk, was struck by a falling brick, and the same rule applied.

In this court the case of *Sheridan* v. *Foley,* 58 *N. J. L.* 230, was decided upon the application of the same principle, and we there held, the present Chief Justice speaking for the court, where a brick fell and injured a laborer in a building in process of erection that "it will be presumed from the mere happening of such an accident, in the absence of explanation by the contractor, that it occurred from want of reasonable care."

In *Bahr* v. *Lombard Ayres,* 53 *N. J. L.* 233, Mr. Justice Garrison, speaking for the Court of Errors and Appeals, in a case where the facts in evidence failed to give rise to the presumption, elucidates the doctrine, and affirms the presumption of negligence, arising from the existence of an abnormal occurrence, causing damage and not clearly chargeable to *vis major* or the interference of an extraneous force.

The principle is also illustrated in *Hughes* v. *Atlantic City Railroad,* 85 *N. J. L.* 212, and cases therein cited.

These cases, however, present illustrations of the application of the doctrine in situations where the parties occupy the status of co-licensees, where the relative rights are practically equal. Such a situation is illustrated by the cases of *Duel* v. *Mansfield Plumbing Co.,* 86 *N. J. L.* 582, and *Coyne* v. *Pennsylvania Railroad,* 87 *Id.* 257.

But the case at bar·is distinctly accentuated by the fact that the plaintiff occupies the status of an invitee, to the premises of another, whereby the duty is cast upon the inviter to use reasonable care and foresight to protect one who occupies the status of a guest from harm, or at least to refrain from careless or indifferent conduct in the management and control of

its property, upon exhibition, which may prove injurious to one casually examining it, whether the property be a work of art or a domestic utensil, and which examination presents the conspicuous reason for the presence of the guest upon the premises. A case not unlike it in principle is the recent case of *Reese* v. *Abeles,* 100 *Kan.* 518; *L. R. A.* (1917) *E.* 747. *Corby* v. *Hill,* 4 *C. B.* (*N. S.*) 556; *Southcote* v. *Stanley,* 1 *H. & N.* 247, and *Indemaur* v. *Dames, L. R.,* 1 *C. P.* 274, present instances of a concealed trap upon the premises, but the rationale of the rule of liability is not limited to specific instances of entrapment, but pervades the general doctrine of tort-feasance, produced by the absence of care in its various manifestations.

If it be asked what the defendant did that bespeaks negligence, it may be confidently answered that his tort-feasance consisted in doing nothing to render reasonably safe for the inspection of its guests an article which confessedly in its situation was dangerous, and which, by the exercise of ordinary business foresight, it would have known to be dangerous to those invited to inspect it and who were unconscious of the danger.

We have intimated that the case at bar is barren of explanatory testimony, or of any semblance of it, and in that situation the liability of the defendant upon the uncontroverted testimony, bespeaking negligence, as well as upon the legal presumption arising from the unexplained occurrence becomes manifest.

The judgment will be reversed and a trial *de novo* will be ordered.