ANNA V. HIGGINS ET AL., RESPONDENTS, v. GOERKE
KIRCH COMPANY, APPELLANT.

Submitted July 8, 1918—Decided March 3, 1919.

1. In an action of negligence, where there is a trial before the court without jury, the judge takes the place of the jury as to all matters of fact that should properly be submitted to the jury; and when he undertakes to deal with a jury question as a court question, it is legal error as to the party injured by such action.

2. In a trial before the judge sitting without jury, a determination of the case on all the evidence, which determination is tantamount to a direction of a verdict for the defendant, is erroneous when the evidence, and the inferences reasonably arising therefrom, are legally sufficient to substantiate the plaintiff's claim, in this case, of negligence.

On appeal from the Supreme Court, whose opinion, reversing a judgment of the District Court of Elizabeth, is reported in 91 *N. J. L.* 464.

For the appellant, *William E. Holmwood.*

For the respondent, *John J. Stamler.*

The opinion of the court was delivered by

PARKER, J. The facts, or the inferences deducible therefrom, are stated in the opinion of the Supreme Court, and we concur in the result reached by that court in reversing the judgment and remanding the cause for a new trial.

The trial judge held specifically that he could "find no negligence in law on the part of the defendant upon which liability in this case can be based." This, taken in connection with other language in his written decision, we understand as meaning that upon no legitimate finding of facts as based on the evidence could negligence be predicated as a ground of recovery. This amounts to saying that if there had been a jury the case was one for a nonsuit or a direction of a verdict for defendant.

If the judge, sitting as a jury, had said he did not think plaintiff had shown negligence, his finding would be impregnable on an appeal raising only matters of law; but in dealing with the question as one for the court rather than for the jury, he fell into an error similar to that which necessitated a reversal in *Weston Company* v. *Benecke,* 82 *N. J. L.* 445, where the judge, sitting as judge and jury, nonsuited, instead of dealing with the evidence as a jury was entitled to deal with it.

There was evidence in this case to go to a jury on the questions both of negligence and contributory negligence; and it should have been dealt with in that aspect.

We agree with the Supreme Court that the evidence of the remark by the salesman should have been excluded. We do not agree, however, that on the evidence the liability of defendant was "manifest." When the doctrine of *res ipsa loquitur* is invoked, the question of negligence is still one for the jury. *Hughes* v. *Atlantic City Railroad,* 85 *N. J. L.* 212; *Niebel* v. *Winslow,* 88 *Id.* 191; *Fanshawe* v. *Rawlins,* 89 *Id.* 344.

Let the judgment of the Supreme Court be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BERGEN, KALISCH, BLACK, TAYLOR, JJ.   6.

*For reversal*—THE CHANCELLOR, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   5.