# CHARLESTON.

STATE *ex rel* KLOTS THROWING COMPANY *v.* HON. A. J. VALENTINE, *Judge*

(No. 5625)

Submitted March 3, 1926. Decided March 9, 1926.

TRIAL—*Peremptory Instruction, Warranted by Evidence, May be Granted at Instance of Party at Any State of Trial Before Verdict is Received by Court and Recorded (Code, c. 131, § 25).*

A peremptory instruction, warranted by the evidence, may be granted at the instance of a party at any stage of the trial before a verdict is received by the court and recorded.

(Trial, 38 Cyc. p. 1586.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the State, on the relation of the Klots Throwing Company, for mandamus to be directed to Hon. A. J. Valentine, as Judge of the Circuit Court of Mineral County.

*Writ denied.*

*Charles N. Finnell* and *H. P. Whitworth,* for relator.

*Harry G. Fisher,* for respondent.

LITZ, PRESIDENT:

The Keyser Canning Company, a corporation, instituted an action in the circuit court of Mineral county against petitioner, Klots Throwing Company, a corporation, to recover the value of a building owned by Charles W. Siever, and certain machinery and supplies therein contained, owned and used by the Keyser Canning Company in the operation of a canning factory, together with damages for loss of profits to the business, on account of the destruction of said building and personal property by fire resulting from the alleged negligence of petitioner. Verdicts in favor of petitioner on the first and second trials of said action were set aside on writs of error to this Court. *Keyser Canning Co.* v. *Klots Throwing Co.,* 94 W. Va. 346; *Idem,* 98 W. Va. 487.

On the second writ it was held that the negligence of petitioner had been established as a matter of law, but that the Keyser Canning Company, claiming the right to sue for destruction of the building, as assignee of Charles W. Siever, could not maintain the action in its own name for this item of damage.

Thereafter the Keyser Canning Company dismissed its action as to damages for the building and went to trial on the claim for the tangible personalty and loss of profits. The jury was instructed, at the close of the evidence, to find for the Keyser Canning Company such amount as the evidence justified. After the case had been submitted, and before verdict, the Keyser Canning Company requested a peremptory instruction in its favor fixing the value of the tangible personalty as $22,813.45, which was refused. Later the jury reported a verdict of $7,000.00. Thereupon, before it was received by the court, the Keyser Canning Company moved that

this verdict be rejected and the jury directed to find a verdict in its favor for $22,813.45, as the value of the tangible personalty, and such other sum for loss of profits as the evidence justified; to which the petitioner objected "because it was offered too late and invaded the province of the jury". The court overruled the objection and granted the instruction. The jury then returned a verdict in favor of Keyser Canning Company for $29,813.45. Thereupon the petitioner moved the court to set aside the verdict and grant it a new trial.

The court having indicated its purpose to overrule the motion for a new trial and enter judgment upon the verdict for $29,813.45, the petitioner obtained from this Court an alternative writ of mandamus directed to the respondent, Hon. A. J. Valentine, as judge of the Circuit Court of Mineral county, requiring him to show cause why he should not strike from the record of the court the verdict in favor of the Keyser Canning Company for $29,813.45, and record as the verdict of the jury the original verdict for $7,000.00 in favor of plaintiff, and enter judgment thereon.

The petitioner does not charge that the instruction complained of was not warranted by the evidence, but merely asserts that it was the duty of the court to receive, record and enter judgment upon, the original verdict for $7,000.00. The respondent states in his return that he refused to accept the verdict for $7,000.00 because the evidence fixing the value of the tangible personalty at $22,813.41, was free from suspicion, entirely probable, and uncontradicted. Therefore, the only question for determination is whether or not the trial court was authorized in granting a peremptory instruction, after the jury had returned a verdict ignoring the evidence.

In the case of *West End Real Estate Company* v. *Nash,* 51 W. Va. 341, it is held, in point four of the syllabus, that if a demurrer to the evidence would have been sustained, an instruction to the jury to find for the defendant, even after the jury has indicated an intention to find for the plaintiff, is not reversible error. In that case the jury had been sent to their room to consider of their verdict when a peremptory instruction for the defendant was asked and allowed. The court had the matter under deliberation, when the jury ap-

peared with a verdict in favor of the plaintiff. The court refused to receive it, and instructed the jury to find for the defendant, which was done. The petitioner would distinguish that case from this because of the fact that the Keyser Canning Company will be without further remedy, if the verdict for $7,000.00 should be received and recorded, having exhausted its right to three trials. It is argued for the petitioner that notwithstanding the Keyser Canning Company is entitled as a matter of law under the evidence to $22,813.45 for the tangible personalty, yet if the first verdict be substituted for the last the petitioner would thereby gain the sum of $22,813.45, as the Canning Company cannot have another trial. The answer to the attempted distinction between the two cases is that the *Nash* case recognizes the power of the court to grant a peremptory instruction when warranted by the evidence at any stage of the trial, before the verdict of the jury is actually received by the court. This being true, will the Court in this case refuse to apply the rule in order to reward injustice?

The petitioner further contends that Section 25, Chapter 131, Code, enacted subsequently to the decision in the *Nash* case, impliedly prohibits the giving of instructions at the request of the parties after the case has been submitted to the jury. This section provides:

> "Nothing herein contained shall affect the power of the court during the trial of the case to instruct the jury orally concerning matters not proper for their consideration or concerning the conduct of any person in connection with the trial; or, otherwise, on its own motion to instruct the jury in writing on the law of the case at any stage during the trial, subject to the right of exception by either party."

Although the section quoted of the Act relating to instructions should be construed as prohibiting the court, after the case is submitted, from granting at the instance of the parties instructions relating to the issues rightly submitted to the jury, it should have no application to issues within the competency of the court. If one of the parties is entitled to a

peremptory instruction under the evidence, how could the other be prejudiced by the delay of the court in giving the instruction until after the jury has returned an unauthorized verdict? The purpose of the statute regulating instructions is to enlighten the jury in an appropriate manner concerning the law applicable to the issues of fact properly submitted to it for determination. Concerning issues upon which the evidence justifies peremptory instructions, which are given, the jury serves as a mere automaton.

"If the court could have properly directed a verdict before submitting the case to the jury in the first instance, the fact that he sent the case to the jury and, upon their finding contrary to the evidence, afterwards directed a verdict, is immaterial." *John Slaughter Co.* v. *King Lumber Co.*, 79 S. C. 338, 60 S. E. 705.

"A court may with reason, return a jury to its room to further consider and amend or alter its verdict at any time before the verdict is received by the court and the jury discharged." *State* v. *Cobbs*, 40 W. Va. 718.

The following authorities sustain the power of the trial court to reject a verdict ignoring the evidence: *Pugh* v. *Bluff City Excursion Co.*, 177 Fed. 399; *Hatch* v. *Attrill*, 23 N. E. 549, 118 N. Y. 383; *State ex rel Town* v. *Clementson*, 69 Wis. 628, 35 N. W. 56; *Ver Stegg* v. *Becker-Moore Paint Co.*, 106 Mo. A. 257, 80 S. W. 346; *Remage* v. *Peterson*, 25 Pa. 349; *Goodwin* v. *Appleton*, 22 Maine 453; *Ansonia Foundry Co.* v. *Bethlehem Steel Co.*, 120 Atl. 307; *Sheffield* v. *Beckwith*, 90 Conn. 93, 96 Atl. 316; *Douglas* v. *Railway Co.*, 119 App. Div. N. Y. 203; *Grant* v. *State*, 33 Fla. 291, 14 Sou. 757.

. The writ will therefore we denied.

*Writ denied.*