RUTH D. REYNOLDS *v.* W. T. GRANT COMPANY
(No. 8344)

Submitted April 14, 1936. Decided June 16, 1936.

*Robt. B. McDougle* and *Wm. Bruce Hoff*, for plaintiff in error.

*Ambler, McCluer & Ambler,* for defendant in error.

KENNA, JUDGE:

This is an action of trespass on the case to recover damages for injury alleged to have been sustained as a result of defendant's negligence in knowingly permitting the floor of one of its sales rooms to remain in bad condition. Error is prosecuted by plaintiff, an invitee, to the action of the trial court in directing a verdict for the defendant after the jury had deliberated for sometime.

Plaintiff, who, together with her son-in-law and a friend, was in defendant's store on May 14, 1934, the date of the alleged accident, for the purpose of making purchases, claims to have slipped and to have fallen near the hosiery counter by reason of having stepped upon a slippery spot in the floor that defendant negligently permitted to be there. She says the manager assisted

her to rise, and, in the presence of her son-in-law and a Mr. Deem, stated that someone else had fallen at the same place earlier in the day; that the floor was in a dangerous condition there; and that something would have to be done about it. The two last-named individuals corroborate the plaintiff in this regard. The manager denied the admission attributed to him, and testified that nobody else had fallen there that day or any other day. Other employees present did not hear Hudson make the admission attributed to him.

On the issue of whether or not the floor was unsafe, we have merely the statement of two witnesses for the plaintiff that the floor seemed to be "slick" at that place, and the alleged admission of Hudson that something had to be done about it. There was a sharp conflict as to whether there was oil or any other fluid on the floor at the time. Mr. Hudson says that there was no discoloration or dark spot.

The question is whether the plaintiff had shown by her evidence, including the alleged admission or statement of Hudson, that the place was dangerous, and that defendant had opportunity to discover that fact an appreciable time before plaintiff's injury.

It is the plaintiff's contention that the proof is conflicting upon the question of prior knowledge or of opportunity to know of the condition of the floor on the part of the defendant. A careful examination of this record discloses that the testimony of the statements made by the manager of defendant's store upon assisting the plaintiff to arise from her fall constitute the only evidence showing that the plaintiff had either prior knowledge, or prior opportunity to know, of the alleged dangerous condition of the floor in its storeroom. The plaintiff's case in this respect, therefore, rests upon the propriety of admitting this proof over the objection of the defendant. If it was error to admit proof of the alleged admissions or statements of the witness Hudson, then the trial court was right in directing a verdict for the defendant, and its judgment in so doing must be affirmed.

Under our West Virginia cases, it seems clearly established that it is relevant to show in cases of this kind that some other person at a former time had fallen at the same place and from the same cause that the plaintiff fell, provided the conditions are shown not to have changed during the time intervening between the two events. *Truschel* v. *The Rex Amusement Co.*, 102 W. Va. 215, 136 S. E. 30. This seems to be the general holding. *John Gerber Co.* v. *Smith*, 150 Tenn. 255, 263 S. W. 974; *Branch* v. *Klatt*, 173 Mich. 131, 138 N. W. 263; *Long* v. *John Breuner Co.*, 36 Cal. App. 630, 172 P. 1132; *Rothschild* v. *Fourth and Market Street Realty Co.*, 139 Cal. App. 625, 34 P. (2d) 734; *Central Amusement Co.* v. *Van Nostran*, 85 Ind. App. 476, 152 N. E. 183, 154 N. E. 390; *Glynne* v. *National Exhibition Co.*, 204 App. Div. 757, 198 N. Y. S. 751. Therefore, if the plaintiff here has shown by competent evidence that prior to the fall sustained by the plaintiff and on the same day another person had fallen under the same conditions and from the same cause, and that the manager of the defendant's store was apprised of the fact an appreciable length of time before the fall sustained by the plaintiff, the verdict for the defendant, in the light of the other proof, should not have been directed; otherwise, the judgment of the trial court is right. There was no direct proof of these essential facts. Plaintiff sought to show them by proving what the manager of defendant's store had said at the time he assisted plaintiff to arise.

The rule against the admission of hearsay evidence renders inadmissible mere extrajudicial statements of fact as proof of the facts stated. Under this rule, the statements of the defendant's store manager were clearly inadmissible. The question, then, is whether these statements fall within some recognized exception to the hearsay rule. There are but two well recognized exceptions to that rule to be considered in this connection: (1) Whether the statements constituted admissions against interest on the part of the corporate defendant, and (2) whether the statements are admissible as constituting a part of the *res gestae*.

The holdings under, and discussions of, the doctrine of *res gestae* appear to contain a preponderance of confusion, so that it is almost impossible to reach a conclusion with reference to it that cannot at least partially be undermined by decided cases and text comments. A part of this confusion seems to come from seeking to apply the rule where there is no necessity to invoke it because of the fact that the proof offered is not hearsay at all, and a part of it seems to come from the fact that the rule is frequently sought to be invoked where, in reality, the evidence sought to be introduced is admissible under some other exception to the hearsay rule. In the first category falls the proof of what might be called a verbal circumstance, as where a declaration is introduced to show the intention of the declarant, or where some senseless or violent statement might be introduced as tending to show insanity. In considering such declarations, there is no question of hearsay involved, because the declarations are not offered to prove their factual content, but simply as circumstances drawing their force from the mere fact that the declaration or statement was made, regardless of its truth. In the second category, are those declarations that are admitted in evidence as admissions against interest, which do not fall within the *res gestae* exception at all. The basis for the admission of the former as constituting an exception to the hearsay rule is that a person will not falsely state a matter against his own interest: the basis for admitting the latter is that the stress and excitement of the thing being done brings an ejaculation from the lips of the declarant with such spontaneity as to preclude falsehood.

Still further confusion is injected when it comes to applying the principles under discussion where agencies are involved, and more especially where corporations are concerned. The matter of agency, either corporate or private, does not bear upon *res gestae* declarations, properly speaking, but it does bear upon the question of admissions against interest. See the discussion in Jones on Evidence (2nd Ed.), Par. 1207 and 1235. The

term *res gestae* is frequently used to indicate that the declaration in question is made as a part of the thing done, or immediate transaction, losing sight of the fact that the proper restriction of the term confines it to those declarations which are not only considered to be a part of the thing done, but which depend for their admission in evidence upon the fact that the declarant at the time of making the declarations was, as a consequence of the thing done, under such stress of emotion or excitement as to render the declarations spontaneous to the point of being almost involuntary, precluding the reflection that gives rise to falsehood. It is thought that in all instances where such circumstances do not exist, while the declaration in question may be admissible in evidence either because the hearsay rule does not properly apply to it or because it comes within some other exception to that rule, it is not, correctly speaking, admitted because it is a part of the *res gestae.*

The declarations made by agents while acting for the principal are sometimes spoken of as constituting parts of the *res gestae,* when, in fact, the declaration under consideration constitutes an admission by the agent against the interest of the principal. In these circumstances, the fact that the declaration is made while the agent is acting within his authorization relates to the power of the agent to bind his principal by what he says. That circumstance alone does not bring the declaration of the agent within the true *res gestae* exception to the hearsay rule. If the declarant is laboring under stress of emotion or excitement so that his declaration relating to the occurrence from which that excitement or emotion sprang was spontaneous in a way that precludes the reflection upon which falsehood is based, then the declaration falls truly within the *res gestae* exception to the hearsay rule and the question of agency is beside the point.

Considering whether the declarations before us are admissible as declarations against interest, the question to be decided is whether the store manager was such

an agent of the corporate defendant and spoke under such circumstances as that the defendant would be bound by his admissions. He seems to have been in general charge of the defendant's store, but beyond that fact, the record does not specifically show what powers he exercised on behalf of the defendant. Would his mere extrajudicial statements, not made under oath, and relating to a past event, if believed by the jury constitute proof rendering the defendant liable in damages? We think, under the decided cases, that the weight of authority is to the effect that they would not. *Coyle* v. *B. & O. R. Co.,* 11 W. Va. 94, 108; *Lawrence* v. *Du Bois,* 16 W. Va. 443, 463; *Fisher* v. *West Virginia & P. R. Co.,* 42 W. Va. 183, 188, 24 S. E. 570, 33 L. R. A. 69; *Danner Land, etc., Co.* v. *Stonewall Insurance Co.,* 77 Ala. 184, 188; *La Rose* v. *The Logansport National Bank,* 102 Ind. 332, 347, 1 N. E. 805; *Wright Investment Co.* v. *Fillingham,* 85 Mo. App. 534, 540; *McEntyre* v. *Levi Cotton Mills,* 132 N. C. 598, 44 S. E. 109; *Sloss Marblehead Lime Co.* v. *Smith,* 5 O. C. D. 79, 81. The theory upon which these cases proceed, while not always clearly stated, is that the principal cannot be bound by the agent's declarations and admissions against the interest of the principal, unless they were made while the agent was acting within his authorization as agent and relate to the matter in which he was so acting. In other words, if the agent had no authority to act in the matter, he had no authority to bind his principal by speaking in the matter, and his admissions are not admitted as against the principal. It is at once apparent that the admission of statements made by agents as against the interest of their principal must be confined within very narrow bounds. The evidence is hearsay, and the basis for making its admission an exception to the rule which generally excludes hearsay evidence, is not fully present. Declarations and admissions against interest are allowed in evidence on the theory that the declarant would not make a false statement against his own pecuniary interest. But where an agency is involved, the speaker is merely representative of the principal sought to be bound by the admission. He has

no direct pecuniary interest impelling him to guard against misstatements. His interest is that of the principal, and in many instances, the temptation to subvert the truth against his merely representative interest as agent in favor of some larger interest against his principal would give rise to fabrications, falsehood and fraud. Of course, a different situation is brought about where the agent and the principal are sued together. In that case, the declarations and admissions of the agent are directly against his own pecuniary interest and are admissible against him, though not against the principal. We are of the opinion that here the alleged admissions of the agent are not shown to have been related to an act being performed by him directly under his authority as agent, and consequently that they are not exceptions to the hearsay rule under this head. They related to a past happening: not to the circumstance in which the agent was acting at the time the declaration was made.

Concerning the question whether this evidence is admissible as constituting a part of the *res gestae,* we are of the opinion that it does not fall within that exception. We start, of course, with the proposition that the evidence is hearsay and for that reason is to be excluded. It follows, that if the plaintiff wishes to bring the evidence within any of the recognized exceptions of the hearsay rule, the burden is upon him who adduces the evidence to show that all of the elements constituting the exception are present. We are of the opinion that one vital element, at least, is lacking in the evidence sought to be introduced in the case at bar. The store manager stated that another person had fallen the same morning, but the source of his information to that effect does not appear. For all that appears, third persons may have informed the store manager to that effect. If that were so, then his declaration at or shortly after the time that the plaintiff fell would be merely a hearsay statement of hearsay information. We think that the burden is upon the person adducing the evidence to bring it clearly out of this doubtful category. Had the manager declared

that *he had seen* some other person fall at the same point that morning, thus making his declaration relate to facts within his own knowledge, the exception might properly apply. To constitute declarations an exception to the hearsay rule as being a part of the *res gestae*, it is necessary that the declarant be either an actor in the transaction to which the declarations relate, a witness to those transactions or at least a person having personal knowledge of the facts to which the declarations relate. *Hines* v. *Patterson*, 146 Ark. 367, 225 S. W. 642; *Crawford* v. *Charleston, etc., Traction Co.*, 126 S. C. 447, 120 S. E. 381; *Kumke* v. *Best Kid Co.*, 244 Pa. 126, 90 Atl. 538. See also, *Wenquist* v. *Omaha, & C. B. St. Ry. Co.*, 97 Neb. 554, 150 N. W. 637. We are of the opinion that it would be a dangerous doctrine to treat as a part of the *res gestae* declarations which might as a matter of fact be no more than hearsay evidence of hearsay evidence.

Being of the opinion that the declarations of the defendant's store manager constitute the only proof in this record showing that the defendant knew or had opportunity to know of the alleged dangerous condition of the floor in its store room prior to the injury to the plaintiff, and that with these declarations properly stricken out, the record lacks this essential proof, it follows that the action of the trial court in directing a verdict for the defendant must be affirmed. The fact that the trial court took that course after the case had been submitted to the jury is, under the rule in this state, of no vital significance. *Klots Throwing Co.* v. *Valentine*, 101 W. Va. 194, 132 S. E. 198; *West End Real Estate Co.* v. *Nash*, 51 W. Va. 341, 41 S. E. 182.

*Affirmed.*