Flora Coates

*v.*

Montgomery Ward & Company

(No. 10124)

Submitted September 13, 1949.   Decided December 6, 1949.

Lovins, Judge, not participating.

*Scherr, Meek & Vinson,* for plaintiff in error.

No appearance in person or by counsel for defendant in error.

KENNA, JUDGE:

This action of trespass on the case was brought in the Circuit Court of Cabell County by Flora Coates against Montgomery Ward & Company to recover $5,000.00 alleged damages suffered by plaintiff from a fall in defendant's store room located on Third Avenue in the City of Huntington on the 27th day of April, 1947. To a judgment for $650.00 based upon a verdict for a like amount the defendant below was granted this writ of error.

The plaintiff below, defendant in error, Flora Coates, does not appear in this Court.

The declaration is in a single count and in effect alleges negligence due to the fact that defendant "negligently and carelessly placed foreign and slippery substances upon the floor of said store and waxed and polished the same to such an extent that it was extremely slippery underfoot, unsafe and dangerous to patrons of defendant's store * * *."

It will be observed that although foreign substances are alleged to have been on the defendant's floor the declaration alleges that they, together with the other substances causing the floor to be unusually slippery, were placed there by the defendant. This we believe dispenses with knowledge or opportunity to know accompanied by an intervening period affording the defendant an opportunity to remedy the defect.

It is virtually conceded that plaintiff below was a patron invitee of the defendant and that she suffered an injury in one of the public aisles of its store room at between eleven and twelve o'clock in the forenoon of April 27, 1947. The cause of that injury and its degree were the issues of fact below.

The plaintiff below testified that she fell on the floor near the Third Avenue entrance due to an unusually slippery and shiny condition of the floor on which the defendant's purse counter faced; that she was badly dazed and that the defendant's attendants placed her in a chair

facing "skidmarks" that were eight or ten feet long made by the heels of her shoes; these she observed; that she heard one of the defendant's employees who was aiding her after the fall state that she, the employee, had very nearly fallen at the same place that morning; and concerning her immediate medical attention, about which there is no contention.

The defendant's testimony is in contradiction to the plaintiff's concerning the circumstances of the fall. The defendant's witnesses say that the plaintiff turned her ankle, that she did not slide at all but slowly settled on the floor, and that she stated that she was not seriously hurt and that the store was not to blame. The position of the defendant below is that there is no evidence in this record showing or tending to show that the defendant was guilty of negligence "in placing oily, waxy and foreign substances on its floor, polishing the same and causing the same to be extremely slippery underfoot, * * *" nor that such substances were as a matter of fact on the defendant's floor. It contends that the only evidence tending to indicate this fact is that of the statement of a Mrs. Lee to the effect that she that same morning had almost fallen at exactly the same spot.

The plaintiff below contends that the statement of Mrs. Lee, which was made immediately after the plaintiff's injury, was admissible either as a part of the *res gestae* or as a statement of an agent of the defendant as a statement against the interest of the defendant.

The question of whether a statement like that under consideration was properly admitted as a statement against interest has recently been fully dealt with by this Court in *Winifred Gilmore* v. *Montgomery Ward & Company,* decided November 1 of this year. There we held, quoting *Reynolds* v. *Grant Co.,* 117 W. Va. 615, 186 S. E. 603, that a statement against interest by an agent must be made while the agent was acting within his authorization and relate to his conduct at the time. In this matter no such showing was attempted. All that appears is that Mrs.

Lee was employed by the defendant below as a saleswoman. As such her duties were in no way related to the defendant's floors. Furthermore, Mrs. Lee's statement did not attribute her threatened fall to a named cause.

As to the contention that the statement was admissible as a part of. the *res gestae*, it is not shown in this record that the person making the statement actually witnessed Mrs. Coates' injury or fall. Of course that is one of the requirements for the admission of a *res gestae* declaration. *Elswick* v. *Transit Co.*, 128 W. Va. 241, 36 S. E. 2d 419; 127 A. L. R. 1030, 1032. Furthermore, the statement did not relate to the actual injury of the plaintiff below. *Res gestae* means a part of the thing done. The thing done is not any declarations made at that time but declarations that relate to contemporaneous occurrences. *Reynolds* v. *Grant*, 117 W. Va. 615, 186 S. E. 603; *Higgins* v. *Goerke-Krich Co.*, 91 N.J.L. 464, 103 A. 37, affirmed 92 N.J.L. 424, 106 A. 394; 163 A.L.R. 15, 193. Here the declaration referred to a past event: Mrs. Lee having almost fallen before Mrs. Coates' injury. The declarant stated that "she thought maybe she would fall." That is clearly a mere matter of after developed opinion. In addition, although a previous actual fall at the same place and under identical circumstances would have been relevant, we have been cited no authority that a "maybe" fall is. We are therefore of the opinion that the admission of Mrs. Lee's declaration was prejudicial error to the defendant below and for that reason, if no other, the judgment must be reversed.

Defendant's Instruction No. 2 told the jury that if they believed from the evidence that the floor of the defendant's store was unsafe and that the defendant then and there knew or in the exercise of reasonable care should have known that fact, and that the condition of the defendant's floor was the proximate cause of the plaintiff's injury, they should find for the plaintiff. Since Mrs. Lee's statement was the only evidence that would indicate that the defendant either knew or should have known of a slippery condition of its floor, and since, in our judgment,

that statement was improperly admitted, it follows that plaintiff's Instruction No. 2 constituted error.

For the foregoing reasons the judgment of the Circuit Court of Cabell County is reversed, the verdict set aside and the defendant awarded a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*