Breitel, J. (dissenting).
The issues are fully detailed in the opinion written by the trial court (26 Misc 2d 1000); it would be bootless to repeat the discussion except to indicate the few points of disagreement which require a reversal and the ordering of a new trial if a just and legally correct result is to be achieved.
Repeatedly, the appellant, plaintiff Karran, was assured during the trial by the trial court that the special questions being submitted to the jury were of no concern to him, and were to be used only to assist the trial court in determining the claims over (by Welded Tank) against the third-party defendant (Colorado) in this consolidated action. As a consequence Karran did not, and indeed, could not have sought to have the special questions arranged to dovetail with the general verdict it was seeking against his defendant, Colorado Fuel & Iron Co., in the third action. Nevertheless, it was the alleged inconsistency between the special findings and the general verdict in favor of Karran against Colorado that resulted in the vacatur of that general verdict and the dismissal of his complaint. Instead of not being concerned with the special findings, Karran’s general verdict against Colorado was destroyed by them, hardly a matter of indifference.
The alleged inconsistency between the general verdict and the special findings may have been only an apparent one, which, if clarified, by the jury, might have been resolved. This resulted from the fact that the first special question concerned only the plaintiff Lauman against Welded Tank (and not Karran). The jury answered that Welded Tank was guilty of both negligence and breach of warranty. Its further finding that Colorado was not guilty of negligence despite its general verdict against Colorado in favor of Karran may have been based on a delivery *332 by Colorado of defective parts, without negligence on its part. While the jury was not entitled to hold Colorado liable on such a ground in favor of Karran, it is only speculation that this was the cause of the apparent inconsistency. Notably, the jury had found that the parts were defective and that Welded Tank had been guilty of negligence during or prior to the manufacture of the tank to which the defective parts were attached and that it had been guilty of negligence in testing or inspecting the defective parts. Hence, none can say, in this particular case, whether the jury’s mistake was with its special findings or its general verdict, because the apparent inconsistency of the verdict was never resubmitted to the jury to be resolved.
Lastly, although section 459 of the Civil Practice Act mandates a preference for special findings over a general verdict where they are inconsistent, this mandate is not operative until the verdicts are accepted and the jury discharged. Since time ever so long a trial court may resubmit a jury’s verdict to it for clarification, completion, correction, or the elimination of inconsistencies (Hatch v. Attrill, 118 N. Y. 383, 388-389; Warner v. New York Cent. R. R. Co., 52 N. Y. 437, 440 ; 8 Carmody-Wait 2d, New York Practice, § 58.25). Fortunately, the new statute (CPLR 4111, subd. [c]) makes explicit what was implied before and adds a further alternative, the ordering of a new trial.
The net result is that Karran may not recover against Colorado, despite a general jury verdict in his favor. For precisely the same reasons, plaintiff Lauman has been deprived of its general verdict against Colorado. As for defendant Welded Tank, which also appeals, there is less concern because the jury in its special findings held it guilty of negligence which would probably have precluded it from recovering on its third-party claims against Colorado.
Since the. trial has been concluded and the jury discharged, there is no way to unravel this chain of injustices, occasioned through no fault of the plaintiffs-appellants who were assured that they were involved only in the general verdicts, except by reversing the judgment and ordering a new trial. To be sure, the action is very old, and the rulings no longer of precedental value, because of the change in the statute (CPLR 4111, subd. [c]); but the injustice worked is irrevocable, if the judgment is affirmed.
*333 Accordingly, I dissent and vote to reverse and order a new trial.
Chief Judge Fuld and Judges Scileppi and Gibson concur with Judge Bebgan ; Judge Bbeitel dissents and votes to reverse in a separate opinion in which Judges Bubke and Jasen concur.
Order affirmed.