BERNICE HUNKER *v.* WARNER BROTHERS THEATRES, *Inc.*

(No. 7891)

Submitted November 20, 1934. Decided December 11, 1934.

*Robert H. C. Kay, G. C. Belknap, Frank C. Fisher* and *Leo Loeb,* for plaintiff in error.

*B. J. Pettigrew, Rummel, Blagg & Stone, H. Rummel Anderson* and *Bernard Sclove,* for defendant in error.

HATCHER, JUDGE:

Plaintiff recovered a verdict and judgment of $10,-000.00 for personal injury alleged to have resulted from a fall in a moving picture theater owned by defendant. The fall was alleged to have been caused by a defective condition in a long carpet or runner in an aisle of the theater. Defendant prosecutes error.

The carpet was heavy and was stretched over a pad which was not quite as wide. At both ends and at intervals of several feet along its edge it was fastened to the aisle way with tacks driven into wooden pegs in holes in the concrete floor. There was a tier of seats on each side of this aisle, and the carpet came within a few inches of the base of each tier.

The plaintiff and her husband had attended an entertainment at the theater and were starting to leave when the accident happened. Her husband had preceded her into the aisle. According to her testimony, when she attempted to pass from her seat into the aisle, she caught the toe of her foot between the carpet and the pad and fell into and across the aisle, striking her back on a part of an opposite seat.

Plaintiff adduced evidence that where she tripped, the edge of the carpet was raised "about an inch and a half" for a distance of "a little over a foot." There is no evidence that the carpet was torn, twisted, curled, crumpled, propped up, or askew. Why that particular section of the carpet should have been raised is not explained. Its suspension is the more remarkable in view of testimony of one of her witnesses that the carpet was "mighty heavy" and that on the side opposite where she tripped "it was lying smooth on the floor." How long the edge in question was elevated does not appear. Both plaintiff and her husband had walked over this identical section in taking their seats without perceiving an elevation. The husband preceded the plaintiff over the carpet as they left their seats without noticing an elevation. There is no evidence that the defendant knew of it or that there had been any prior disarrangement of the carpet. Lacking any direct proof of proprietorial negligence, the plaintiff invokes the doctrine of *res ipsa loquitur*.

*Res ipsa loqu'tur* is not an arbitrary formula, but is a phrase of limited application. The mere fact of an accident does not warrant its application. It is applied only when the circumstances attending the accident, without further proof, are such that in the ordinary course of events the accident could not have happened except on the theory of negligence. In such case, the doctrine raises *a presumption* or *permits an inference of negligence on the part of the proprietor*. See generally on this subject Cooley on Torts (4th Ed.), sec. 480; Jones Commentaries on Evidence (2d Ed.), sec. 518; Thompson on Negligence, Vol. 8, sec. 7635; Shearman & Redfield on Negligence (6th Ed.), secs. 58a and 58b.

The mere fact that the defendant's carpet was raised at the moment of accident does not denote that it had been in that condition any certain period prior to the accident. Unless the condition had existed long enough to have given the proprietor opportunity to have seen it in the exercise of due care, he cannot be held liable. "Knowledge either actual or constructive is essential to impose liability." 62 C. J., subj. Theaters and Shows, sec. 47. *O'Toole* v. *Park Ass'n.*, 200 N. Y. S. 502. Since there is no evidence upon the duration of the condition or evidence from which a reliable inference can be drawn, the duration is purely a matter of conjecture. It has been held generally that evidence so meager is not sufficient to support a presumption of negligence. In the case of *Gibbons* v. *Amusement Co.*, (Pa.) 167 Atl. 250, a theater patron tripped on a rug. The evidence and the holding in that case are briefly stated by the court as follows: "The evidence adduced by the plaintiff, giving it every favorable intendment, amounted to nothing more than that a rug in good condition over which the plaintiff had walked, five or ten minutes before, and which then had no wrinkle or crumple in it, had, upon her return, a wrinkle or crumple which she saw, but took to be a shadow, and in which her foot caught. Unless we are to hold that the use of a rug of that size, in a theater lobby, which is not securely fastened to the floor, is evidence of negligence—which we are not prepared to do—the case is barren of any evidence of negligence on the part of the defendant." In *Weingard* v. *Putnam Theatrical Corporation*, 232 N. Y. S. 296, the plaintiff testified that she caught her foot in a torn place in defendant's carpet and fell. Her complaint was summarily disposed of by the court in the following language: "Liability could not be imposed upon defendant unless it was also shown that this condition of the carpet was known to defendant, or had existed for such a length of time that defendant should have known of it, or was of such a nature that it must have existed for such a length of time as to give it notice." And in *Toland* v. *Furniture Co.*, 175 Mass. 476-477, 56 N. E. 608, where the evidence simply showed that

plaintiff was tripped by a "curled up" place on a mat, the court said that the evidence fell short of showing that the condition "had been there so long that the defendant knew or ought to have known of it. The evidence is as consistent with the existence of the defect, if there was one, for a few moments only before the accident, as it is with its existence for a longer time. It does not seem to us, therefore, that the plaintiff has sustained the burden of showing that the defect (if there was one) had existed so long before the accident that the defendant, in the exercise of reasonable care, ought to have known of it and remedied it." The principle followed in the above cases is also recognized in *Nephler v. Woodward,* 200 Mo. 179, 98 S. W. 488, a case cited by plaintiff, the court holding: "Defendants are not liable for any injury to plaintiff, unless before the accident the condition was such that by the exercise of ordinary care they could have foreseen probable danger."

Plaintiff relies specially on our own case of *Truschel* v. *Amusement Co.,* 102 W. Va. 215, 136 S. E. 30. We did hold there that a loose carpet "which bulged a little" over a step on the stairway of a theater building manifested lack of care to keep the stairway safe. The circumstances there clearly differentiate that case from this. But admitting for the sake of argument that the mere fact of the carpet edge being raised "is some evidence" (the language of one of the plaintiff's citations) tending to show negligence in this case, it "goes no further." The proprietor of a place of public amusement is not an insurer of the safety of his patrons. He does impliedly warrant that the premises are safe for the patrons, but he does not contract against unknown defects *not discoverable by ordinary care.* The degree of care required of him in this respect is the care which an ordinarily careful or prudent man would exercise, under like circumstances. The indulgence of the inference in favor of plaintiff would simply call from the defendant evidence of the manner of its inspection.

Defendant presented testimony that the carpet was gone over every morning with an electric sweeper by the

janitor, one of whose duties was to report to the manager anything wrong with the carpet; that it was walked over every day just before the theater opened by an usher (with a flashlight) whose duty was "to check the aisle to see that all things were in proper places"; that both employees had performed their duties on the day of (and prior to) the accident and both had found the entire length of the carpet to be flat on the floor; that no repair or adjustment has ever been made on the carpet and it now lies flat and in its proper position on the floor; and that no one else has ever fallen in the theater. None of this testimony was controverted. Counsel would criticize defendant's inspection in that it did not include an examination of the pegs to which the carpet was tacked. That criticism is not apt, because of testimony (uncontroverted) that the tacks were in place, and because there is no evidence throwing suspicion on the pegs.

There is some conflict in authority on whether or not the introduction of evidence by the defendant destroys an inference of negligence as a matter of law (some courts holding that the inference, not being itself evidence, does not raise a conflict with the evidence of defendant for jury decision). But "the application of this doctrine does not affect the general rule, that where the evidence is so clear and convincing that reasonable minds would not differ in their conclusions therefrom, the question of defendant's negligence is for the court and not for the jury, and hence, if defendant's explanation establishes the absence of culpable negligence so clearly as to leave no substantial conflict in the testimony or issuable fact for the jury to pass on, the presumption will be overcome as a matter of law, and if submitted to the jury will authorize the setting aside of a verdict for plaintiff." 45 C. J., subj. Negligence, sec. 784.

If it be conceded that plaintiff's evidence makes a *prima facie case,* defendant's evidence establishes the absence of culpable negligence so clearly that it overcomes any presumption in her favor as a matter of law, and leaves no issuable fact for jury determination.

Because of this view of the case we feel it unnecessary to comment on the other allegations of error.

The judgment is accordingly reversed, the verdict set aside and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*