STELLA FORD SPEARS *v.* ALEX GOLDBERG *et al.*

(No. 9108)

Submitted September 5, 1940. Decided October 8, 1940.

*John C. Mather* and *E. L. Maxwell,* for plaintiff in error.
*Arnold & Crawford* and *E. A. Bowers,* for defendants in error.

MAXWELL, JUDGE:

This is an action for damages for personal injuries sustained by the plaintiff. At the conclusion of the introduction of her evidence, the court, on motion of the defendants, struck out the plaintiff's evidence as insufficient to sustain her claim, and directed a verdict for the defendants. This review is under a writ of error awarded the plaintiff by this Court.

The plaintiff, Stella Ford Spears, is a resident of the City of Elkins. The defendants, Alex Goldberg and Dorothy Goldberg, partners trading as L. Goldberg & Sons, conduct in Elkins a department store in a building owned by the estate of Teresa Bodkin, deceased, which property is under the control of the defendant, Mary O'Connor, executrix, of the last will of the decedent.

The Goldberg store, situated on Third Street, has three front entrances placed alternately between display windows which extend back several feet from the front of the building at the street line. Each entrance door is recessed from the street a distance of eight feet and seven inches. The surface of the floor of the store room is ap-

proximately seven inches above the level of the public sidewalk immediately in front of the building. At each entrance the approach from the sidewalk to the floor of the store is by means of an incline or ramp which rises 82/100 of an inch per foot. These sloping approaches are surfaced with terrazzo, which is a material frequently used for floors. It is a composition of marble chips and cement with an abrasive material, frequently carborundum, added. The mix when laid is rubbed smooth for surfacing.

On the morning of September 14, 1938, the plaintiff, on attempting as a customer to enter the Goldberg store by the middle front entrance, slipped and fell on the terrazzo incline, thereby suffering a fracture of her left femur. The morning was rainy, and the terrazzo where she fell was wet.

In her declaration herein the plaintiff does not allege negligence on the part of the defendants, but alleges that the terrazzo entrance ways were "highly polished, and extremely slippery when wet," and in rainy or damp weather constituted a nuisance. The alleged nuisance is denominated in the first count of the declaration as a public one, in the second, as private, and in the third, as mixed.

We are of opinion that the trial court should not have directed a verdict for the defendants, but that the case should have been submitted to the jury for determination of the factual questions, (a) whether the terrazzo incline, as constructed, was slippery and dangerous when wet; (b) whether the plaintiff was guilty of negligence in her manner of entering upon the incline immediatley preceding her fall. *Higginbotham* v. *Kearse,* 111 W. Va. 264, 161 S. E. 37, 77 A. L. R. 1110. True, what constitutes a nuisance is a question of law, but ascertainment and determination of the facts whereon judicial pronouncement may be based in a given case is a jury matter. *Price* v. *Travis,* 149 Va. 536, 140 S. E. 644, 56 A. L. R. 209; *Davidson County* v. *Blackwell,* 19 Tenn. App. 47, 82 S. W. (2d) 872.

A condition which constitutes a nuisance is to be classed as a public or a private nuisance, not because of the nature or character of the thing itself, but on the basis of whether it is detrimental to the public. *Harris* v. *Poulton,* 99 W. Va. 20, 29, 127 S. E. 647, 40 A. L. R. 334.

A civil engineer, witness for the plaintiff, experienced in terrazzo construction, testified that terrazzo, properly constructed with sufficient abrasive, is not slippery when wet. If the case had gone to the jury, and they had accepted this testimony as correct, they would have been justified in believing therefrom, and from other evidence, that the incline when wet was slippery because of an inherent defect in construction. On such factual finding as to the nature of the entrance the court would have been warranted in adjudging liability against the defendants on the ground of nuisance, if the jury had granted the plaintiff an acquittance of the charges of negligence and assumption of risk in her manner of entering upon the terrazzo, and had awarded her damages. A person does not insure the safety of others whom he invites on his premises for business or other purposes, but he "must exercise ordinary care and prudence to render the premises reasonably safe for the visit." 3 Cooley on Torts (4th Ed.), Sec. 440. Ordinarily this is a jury matter, and in making appraisal the jury must look not so much to the processes of planning and construction as to the completed thing. Nor must consideration be given to the thing alone, but to the thing and the consequences attendant upon its use. *Amsterdam* v. *Dupont, etc., Power Co.,* 62 Pa. Superior Ct. 314, 327; *Euclid* v. *Ambler Co.,* 272 U. S. 365, 388, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016. If a thing is inherently and essentially dangerous and the public are exposed thereto, it is a nuisance *per se;* but though not of that group a thing may be classed as a nuisance in fact if it proves to be deleterious or dangerous under given circumstances. That which is primarily lawful may become a nuisance because of the manner of its use or the results attending them.

For the reasons stated we reverse the judgment of the trial court, set aside the verdict and remand the case for another trial.

*Reversed and remanded.*

KENNA, JUDGE, dissenting:

The question that arises upon reviewing the record in this action is whether the entrance to the defendant's store, which, as stated in the majority opinion, has a terrazzo incline rising seven inches in a distance of eight feet seven inches from the line of the sidewalk to the door, can be called a nuisance, public, private, or mixed, for the maintenance of which the tenant and the landlord are legally responsible. The recovery sought is not predicated upon negligence, but upon the maintenance of an entrance way of known and inherent danger such as to render the landlord liable together with a tenant in possession and in full control.

I believe that, for the purpose of discussion, it may be conceded that the terrazzo incline was dangerously slippery when wet, but that concession alone would not make the entrance constitute a nuisance of any sort. It is generally recognized that there are very few surfaces which are not decidedly more dangerous to walk upon when wet than when dry. It is also recognized that there are many ways that a wet surface can be treated or covered at a negligible cost, so that the added danger is eliminated. This common knowledge, to my mind, does away entirely with the inherent danger that this entrance must have in order to carry this action to the jury upon the theory that a recovery for the maintenance of a nuisance would be justified. In such an action the recovery is for the harm done by the existence of a condition generally recognized to be hazardous or obnoxious, or of a like condition peculiar to, but plainly recognizable in, its surroundings.

Negligence, although it may in a particular case be a feature, is not an essential element of a right of action for the maintenance of a nuisance, either *per se* or in fact.

It may be that here a recovery on the basis of negligence on the part of the tenant in not exercising due care to provide a reasonably safe entrance in wet weather for invitees who were its prospective customers would be justified if pleaded. See Annotation in 100 A. L. R. 710, at page 753, and previous Annotations cited. But that is not the question now before us, and I do not believe that under the state of facts disclosed by this record a recovery against the landlord could be maintained upon either theory.

Since the recovery sought is not predicated upon the negligence of the defendant, I cannot agree that contributory negligence, as distinguished from the primary negligence of the plaintiff, is a question to be submitted to a jury. See *Baker* v. *Wheeling*, 117 W. Va. 362, 185 S. E. 842, Pt. 4, Syl. To my mind, this clear statement of the rule controls over what was said in the case of *Higginbotham* v. *Kearse*, 111 W. Va. 264, 161 S. E. 37, 77 A. L. R. 1110.

For the foregoing reasons, I believe that there is no apparent error in the trial court's order directing a verdict in favor of the defendant-tenant and the defendant-landlord. The plaintiff, having exercised her election and having been content to pursue her choice, I feel, has no just reason for complaining.