WINIFRED GILMORE

*v.*

MONTGOMERY WARD & COMPANY

(No. 10117)

Submitted September 13, 1949.  Decided November 1, 1949.

Lovins, Judge, not participating.

*Scherr, Meek & Vinson,* for plaintiff in error.

*John L. Whitten, J. J. N. Quinlan,* for defendant in error.

Riley, Judge:

This writ of error and supersedeas was granted defendant, Montgomery Ward & Company, hereinafter referred to as the "store," to a judgment of the Circuit Court of Cabell County, rendered against defendant upon a jury verdict in the amount of $1,750.00, in an action of trespass on the case wherein the plaintiff, Winifred Gilmore, sought to recover damages for personal injuries sustained by her as the result of her having fallen while in the store. The facts giving rise to this action are as follows:

About 11:30 in the morning of October 29, 1946, plaintiff entered defendant's store, located at the corner of Third Avenue and Eighth Street, in the City of Huntington, for the purpose of making a purchase. The store, which is one of a chain of general merchandise stores operated by defendant throughout the United States, is so designed that there are counters and aisles leading from the Third Avenue entrance back through the store.

Having ascertained that the merchandise she wanted to purchase was not available, plaintiff proceeded to walk down one of the aisles leading to the Third Avenue entrance of the store. When she was approximately fifteen feet from the door, and near the corner of one of the counters on the aisle, she slipped and fell, as a result of which she allegedly suffered serious and painful injuries to her back and ankle.

The exact manner in which the accident occurred is not clear from the record, plaintiff stating that it happened so suddenly that she does not know the details thereof. Plaintiff states, however, that the floors of the store were slippery; that she noticed a "little impression" fourteen to eighteen inches long on the floor where her "heel had slid"; and that the floor appeared to have been

waxed. Plaintiff further states, however, that she made no particular inspection of the floor elsewhere in the store, and could not say that there was a particular waxed or slippery spot confined to place of her accident.

Over objection of the defendant, plaintiff introduced the testimony of Rachael Jackson, who, at the time of the accident, was a clerk employed by the store, to the effect that on the day of the accident there had been "some discussion" among the employees of the store "as to the slipperiness of the floor."

Furthermore, plaintiff testified, over objection of defendant, that an unidentified clerk of the store, who had first rendered her assistance immediately following the accident, stated that the floors had been "waxed" the night before and pointed out a "place on the floor" where plaintiff had fallen.

While admitting that plaintiff fell on the floor of the store, defendant produced the testimony of one of its clerks, as well as one of its department managers, to the effect that each had seen the accident occur, but were unable to explain the cause. These witnesses further testified that they gave immediate assistance to plaintiff, who advised them that she was not hurt; and that plaintiff had then said that she did not know how the accident had occurred but that the store was not at fault. Both witnesses testified that there was nothing unusual about the floor at the place where the accident occurred, the clerk adding that many people, including the sixty employees of the store, had walked over the same spot without any untoward incident earlier in the morning.

Defendant further adduced evidence to the effect that the flooring of the store was a substance known as "Masterpave," which is an asphalt composition, impregnated with asbestos and other fibers, the purpose of which is to create friction. "Masterpave" is shown to be a flooring commonly used in stores of this country in which there is heavy pedestrian traffic.

An expert testified that such flooring has a friction coefficient of .63, while the generally accepted friction coefficient of .50 is more slippery. This expert testified that the approved method of cleaning "Masterpave" is by the use of a vegetable oil soap, known as "Micolium", which is applied after the floors have been swept with a yarn broom. The "Micolium" is then removed and a resinous substance, known as "Solegrip," is applied. The purpose of "Solegrip" is to increase the friction coefficient of the flooring, and, when applied in the manner heretofore detailed, "Masterpave" has a friction coefficient rated at .85, which is generally considered "good."

Defendant adduced the testimony of a professional floor cleaner who stated that on the night of October 28, 1946, he had cleaned and treated the floor of the store in the manner heretofore described.

At the conclusion of all of the testimony, defendant made a motion to strike the evidence of plaintiff, and to direct a verdict for defendant, which motion was overruled. Eight instructions were offered by defendant, two of which were refused, those being instruction No. 1, which was peremptory, and instruction No. 5, which reads as follows: "The Court instructs the jury that this plaintiff cannot recover unless she proves, by a preponderance of the evidence that this defendant was negligent and that such negligence was the direct and proximate cause of the injury alleged."

Although the record does not disclose that plaintiff objected to the giving of defendant's instruction No. 5, it should be noted that defendant's instruction No. 6, which was given, reads, in part, as follows: "The Court further instructs the jury that the burden is upon the plaintiff to prove by a preponderance of the evidence that the defendant was guilty of negligence, and that as a proximate result thereof she was injured. * * *"

In its petition to this Court for a writ of error, defendant assigns as error the actions of the trial court in overruling defendant's demurrer to plaintiff's declaration, and

in overruling defendant's motion for a bill of particulars. However, it appears that defendant has abandoned these assignments of error in its brief filed herein, and no further consideration will be given to them.

The other assignments of error made by defendant raise the following issues to be determined herein: (1) Whether the trial court erred in admitting the testimony of Rachael Jackson, as well as the testimony of plaintiff, to the effect that certain employees of defendant had stated that the floors were waxed or slippery at the time of the accident; (2) whether the trial court erred in refusing to give defendant's instruction No. 5, to which no objection by plaintiff is noted in this record; and (3) whether the evidence is sufficient to sustain the verdict.

At the outset of a discussion of the first of these issues, it is important to point out that basically the testimony of both witnesses, to which objection was made by defendant, concerns a relating of extrajudicial declarations made by persons other than the witnesses. Rachael Jackson testified as to "some discussion" among employees of the store, while plaintiff repeated a statement made by an unidentified clerk immediately following the accident.

It is urged that the declarants of each statement reiterated by the witnesses were agents of defendant, and as such their statements constituted admissions against the interest of their principal. True, the declarants were clerks, or saleswomen, employed by defendant; but no other showing is made of the authorization, functions and duties of such clerks in fulfilling their employment by the store. On the contrary, positive and undisputed evidence was introduced showing that the defendant employed professional floor cleaners whose duty it was to clean defendant's floors.

In *Reynolds v. Grant Co.*, 117 W. Va. 615, 186 S. E. 603, this Court had under consideration the admissibility of an extrajudicial statement made by defendant's store

manager. Therein it was held: "The extrajudicial declarations of an agent, not made under oath, are not admissible in evidence as admissions against the interest of the principal unless the declarations relate to an act within the authorization of the agent in which the agent was engaged at the time the declarations were made." See *Weismantle* v. *Petros,* 124 W. Va. 180, 188, 19 S. E. 2d 594; *Reall* v. *Deiriggi,* 127 W. Va. 662, 668, 34 S. E. 2d 253. In the absence of direct proof, this Court can and will take judicial notice of the commonly accepted authority and duties of a store manager and a clerk or saleswoman of a retail establishment. If the extrajudicial declarations of a store manager are inadmissible in evidence as admissions against the interest of the principal, as was held in *Reynolds* v. *Grant Co., supra,* it necessarily follows that the extrajudicial declarations under consideration in the case at bar are inadmissible for the same reason. Since such is the only ground on which it is urged that the testimony of Rachael Jackson was admissible, we hold that the trial court erred in not sustaining objections to her testimony.

However, a different situation exists as to the testimony of plaintiff in which she reiterated an extrajudicial statement made by an unidentified clerk who first rendered plaintiff assistance after her accident. It is clearly shown that the clerk reached plaintiff immediately after her fall. The spontaneity of the clerk's statement cannot be denied; and it is reasonable to infer from all the evidence that such clerk was a witness to the accident and was laboring under the stress of emotion or excitement at the time of uttering the statement. This being true, the clerk's statement constituted a part of the *res gestae,* and was admissible. See *Reynolds v. Grant Co., supra,* wherein the cases involving the doctrine of *res gestae* are collated and discussed. Therefore, we hold that the trial court did not err in permitting plaintiff to testify as to such statement.

In considering the action of the trial court in refusing to give defendant's instruction No. 5, hereinbefore quoted, it must be admitted that said instruction, considered alone,

properly expresses the law of the case and should have been given. *Slater* v. *Gas Co.*, 126 W. Va. 127, 27 S. E. 2d 436; *Morris* v. *Parris*, 110 W. Va. 102, 157 S. E. 40. But, "Repetition of instructions on the same phase of the case is not required." *Adams* v. *Murphy Co.*, 115 W. Va. 122, 174 S. E. 794. See *O'Flaherty* v. *Tarrou*, 130 W. Va. 326, 43 S. E. 2d 392; *Robertson* v. *Hobson*, 114 W. Va. 236, 171 S. E. 745; *Drake* v. *Hardware & Sup. Co.*, 110 W. Va. 63, 157 S. E. 35. A comparison of defendant's instruction No. 5, with defendant's instruction No. 6, hereinbefore quoted in part, which was given, discloses no substantial difference between the two. Accordingly, we hold that the trial court did not commit reversible error in refusing to give defendant's instruction No. 5.

Thus we come to the basic question presented on this writ of error: whether the evidence is sufficient to sustain the verdict. That evidence, briefly, is that plaintiff fell; that she considered the floor slippery; that one of the clerks had stated that the floors had been "waxed"; but that the condition of the floor at the place of the accident was the same as elsewhere in the store, save for a "slight impression" made by paintiff's sliding shoe as she fell.

It is thus seen that we are not directly concerned with such cases as *Hunker* v. *Warner Brothers Theatres*, 115 W. Va. 641, 177 S. E. 629; *Denton* v. *Third Avenue Theatre Co.*, 126 W. Va. 607, 29 S. E. 2d, 353, and like cases, not necessary to cite, wherein the gravamen of plaintiff's complaint involves a foreign substance upon the premises, or the existence of some dangerous condition in the premises immediately wrought by the action of persons other than defendant. In such cases, the Court is primarily concerned, not with the actual condition of the premises, causing the injury, but with whether the defendant had a reasonable opportunity to know, or did know, that the premises, which ordinarily were reasonably safe, had been thus rendered unsafe. In other words, the acts of negligence considered in the *Hunker* and *Denton* cases in-

volved the failure of defendant to remove defects in the premises which ordinarily did not exist. Therefore, notice of the defect must be brought home to defendant.

But the gravamen of plaintiff's complaint in the instant case, so far as the same is proved herein, as contradistinguished from the allegations of the declaration, involves an alleged defective condition in the floors, to-wit, slipperiness, which is inherent in the construction and maintenance of the floors and always exists as a danger to people using them. If such situation existed, defendant created the same, and actual knowledge thereof need not be specifically proved. See *Truschel* v. *The Rex Amusement Co.*, 102 W. Va. 215, 222, 136 S. E. 30.

The question presented in this case is similar to the ones before this Court in *Cooper* v. *Pritchard Motor Co.*, 128 W. Va. 312, 36 S. E. 2d 405, and *Truschel* v. *The Rex Amusement Co.*, *supra*. In the *Cooper* case the gravamen of plaintiff's complaint involved "* * * the location and the shape or contour of * * * [an] * * * incline, where it joined the front and the rear sections of the floor of the room * * *." In the *Truschel* case the gravamen of plaintiff's complaint involved an improperly placed stairway carpet which was "* * * loose and extended over the edge of a step * * *." In the former case, this Court held that no negligence had been shown, and, in fact, the defendant's evidence had affirmatively negatived the existence of any negligence. In the latter case, this Court upheld a jury verdict for plaintiff, the defendant having failed to negative or otherwise explain the existence of the defective carpeting. Compare *Higginbotham* v. *Kearse*, 111 W. Va. 264, 161 S. E. 37, 77 A.L.R. 1110; and *Spears* v. *Goldberg*, 122 W. Va. 514, 11 S. E. 2d 532, 12 S. E. 2d 513, wherein the cases were determined on the theory of maintaining public nuisances.

Applying the holdings of these cases to the case at bar, we are of the opinion that this record discloses no more than a scintilla of evidence tending to establish the exist-

ence of a dangerous condition, to-wit, slipperiness, in the floors of defendant's premises. On the other hand, defendant has shown, by undisputed testimony, that it surfaced its floors with a commonly accepted paving material which was as free of slipperiness as the traffic in its store warranted; that it cleaned its floors in the most acceptable manner; that it had been careful to apply a friction producing substance in an effort further to decrease any slippery element in the floor; and that many people, at least the sixty employees of the store, had shortly before walked over the same flooring where plaintiff's accident occurred without any untoward incident.

While defendant warranted its invitees, including this plaintiff, that it would exercise ordinary care to keep and maintain its premises, including the floors of the store, in a reasonably safe condition, it did not become an insurer of the safety of its patrons. *O'Flaherty* v. *Tarrou, supra; Cooper* v. *Pritchard Motor Co., supra; Denton* v. *Third Avenue Theatre Co., supra; Spears* v. *Goldberg, supra; Hunker* v. *Warner Brothers Theatres, supra;* and *Truschel* v. *The Rex Amusement Co., supra.* To uphold the verdict on the record made in this case would have the same effect as to make defendant an insurer of plaintiff's safety. It is well settled that "In an action for damages for personal injuries, when the material facts are undisputed and reasonable men can draw but one conclusion from them, the question of negligence becomes one of law for the court." *Cooper* v. *Pritchard Motor Co., supra.* The trial court should have directed a verdict for defendant for failure by plaintiff to prove by substantial evidence actionable primary negligence on the part of defendant.

Having thus determined that plaintiff has failed herein to make out a case of primary negligence on the part of defendant, it becomes unnecessary to discuss the question of plaintiff's contributory negligence, as illustrated by the cases of *Cornwell* v. *Kresge Company,* 112 W. Va. 237, 164 S. E. 156; *Shorkey* v. *Great Atlantic & Pacific Tea Co.,* (Mich.) 243 N. W. 257.

For the foregoing reasons, the judgment of the Circuit Court of Cabell County is reversed, the verdict set aside, and a new trial is awarded defendant.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*