LELIA D. WENDELL

*v.*

G. C. MURPHY COMPANY, *a corporation*

(No. 10420)

Submitted April 8, 1952. Decided April 29, 1952.

Fox, JUDGE, not participating.

*Lester Reynolds, Arthur Arnold,* for plaintiff in error.

*Vernon E. Rankin,* for defendant in error.

LOVINS, JUDGE:

This action was brought in the Circuit Court of Mineral County by Lelia D. Wendell against G. C. Murphy Company, a corporation. Plaintiff sought to recover damages resulting when she fell on the floor in the store operated by defendant in Keyser, West Virginia. The trial resulted in a verdict in the amount of $3000.00, and judgment was rendered for a like amount.

On or about September 28, 1949, the plaintiff entered the store of the defendant to purchase merchandise. On entering the store, while walking down one of the aisles, she fell and suffered injuries to her head and other parts of her body. Upon falling, plaintiff was immediately attended by some of the employees of the store and some say she was furnished with a chair. A doctor was summoned, who came to the store and attended the plaintiff and finally took her to her residence.

The plaintiff testified that after she fell, a greasy or oily substance was on her face and clothing, which substance was not on her person when she entered the store. She is corroborated by the attending physician. A dry cleaner and his assistant testified that clothing delivered to them by plaintiff had a greasy or oily substance on it. The assistant of the dry cleaner testified that it was apparently linseed oil but he was not positive. The plaintiff did not clearly establish that the clothing sent to the dry cleaners was the same clothing she was wearing when she fell, having offered only her own statement that she told the dry cleaner the clothes had floor oil on them. The manager of the defendant's store and a number of his employees testified that they did not see or notice the soiled condition of the plaintiff's clothes.

Witnesses testified for the defendant in positive terms that the floor at the place where plaintiff fell was clean, that it had been swept a short time before the occurrence by one of the defendant's employees and that there were no inherent defects in the floor. Defendant's witnesses further testified that they had applied to the floor a pre-

paration called "microshine", one application having been made about ten days prior to the day the plaintiff fell.

Plaintiff filed a bill of particulars in which she listed the amount paid or owing to her physician in the amount of $90.00; $3.50 for travel expense to the hospital; $650.00 for 65 days of total disability at $10.00 a day; $1.00 for dry cleaning; $1,715.00 for 343 days of partial disability at $5.00 per day; and $3,191.50 for medicine, inconvenience, pain and suffering, loss of customers in her business, resulting from her injuries, and other miscellaneous items, up to and including the present time, aggregating the sum of $5,651.00.

There was no proof, however, to show the amount she had paid out for medical attention and medicine, nor was there any evidence showing that the services rendered her by her physician were necessary and the amount charged was reasonable. She probably established the fact that she had totally lost 65 days from her work at her beauty shop and 243 days part time from such work.

Defendant demurred to the declaration upon the grounds: (a) that the declaration failed to charge actionable negligence; (b) that though it is alleged that defendant owed the plaintiff a peculiar duty of care on account of her age, no such duty is imposed on defendant by law; and (c) that there is no clear averment in the declaration whether the dangerous condition of the floor was due to an inherent condition or an extrinsic substance upon its surface. The demurrer was sustained as to that part of the declaration which alleged that defendant owed plaintiff a peculiar or special duty on account of her age, but overruled as to the other grounds.

At the close of the plaintiff's evidence and the close of all the evidence, the defendant moved the court to strike the evidence from the jury and direct a verdict in its favor. Those motions were overruled.

Upon the return of the verdict, defendant moved the court to set aside the verdict and grant it a new trial. The court, having considered such motion and the grounds

in support thereof, overruled the motion and entered judgment as stated above.

Defendant contends that the trial court erred: (a) in the ruling on the demurrer to the declaration; (b) in overruling the motions to strike the evidence of plaintiff and direct a verdict for the defendant; (c) in overruling the motion to set aside the verdict and grant a new trial.

The assignments of error raise two questions: (1) Was the declaration sufficient? (2) Does plaintiff's evidence sustain the verdict?

It is a commonly accepted principle in this jurisdiction that a pleading challenged by a demurrer is considered with liberality. The latest application of this rule will be found in the case of *Gasber* v. *Coast Const. Corporation,* 134 W. Va. 576, 60 S. E. 2d 193, in which case the rule is laid down substantially as follows: That a declaration for tort which alleges a legal duty on the part of the defendant owing to the plaintiff, the act or acts which constitute a breach of such duty and resulting damage is good on demurrer; and that it is not necessary to allege the specific act or acts constituting such breach, unless required to inform the defendant of the alleged breach.

The declaration in the instant case, stripped of its unnecessary verbiage, clearly alleges that it was the duty of the defendant to use due and ordinary care, to keep the floor of its storeroom in a reasonably safe condition; that it failed to perform such duty; and that it knew or should have known of the unsafe condition of the floor. Applying the rule stated above, we think that the declaration in this case meets the requirements of the rule and that the trial court did not err in its ruling on the demurrer to the declaration.

A customer who enters a storeroom for the purchase of merchandise is an invitee. *Cooper* v. *Motor Co.,* 128 W. Va. 312, 36 S. E. 2d 405. The lessee or owner of such storeroom owes to such invitee the duty of ordinary care to keep the parts of the storeroom to be used by the invitee in a reasonably safe condition.

In the case of *Hunker* v. *Warner Theatres,* 115 W. Va. 641, 177 S. E. 629, it was held that the rule of *res ipsa loquitur* is not applicable to a case of this kind. Moreover, the owner or lessee of such premises is not an insurer of the safety of customers but "He does impliedly warrant that the premises are safe for the patrons, but he does not contract against unknown defects not discoverable by ordinary care. The degree of care required of him in this respect is the care which an ordinarily careful or prudent man would exercise, under like circumstances." *Hunker* v. *Warner Theatres, supra.* See *Gilmore* v. *Montgomery Ward & Co.,* 133 W. Va. 342, 56 S. E. 2d 105.

This court in cases of this kind has drawn a distinction between accidents resulting from some inherent defect in the construction and the maintenance of the floor, and a fall caused by an extrinsic or foreign substance on the floor. If the floor is inherently defective, it is not necessary to show that the owner or lessee of the premises had actual knowledge thereof. *Gilmore* v. *Montgomery Ward & Co., supra.* But if the fall is caused by some extrinsic or foreign substance rendering the floor slippery, it must be shown that the owner or lessee knew or had a reasonable opportunity to know that the floor was in an unsafe condition. Notice of such defects must be brought home to the defendant. *Gilmore* v. *Montgomery Ward & Co., supra.* See *Truschel* v. *Amusement Co.,* 102 W. Va. 215, 222, 136 S. E. 30.

In this case, the plaintiff relies upon a slippery condition of the floor as causing her to fall, resulting from the application of a greasy or oily substance on the floor and, by inference, seems to rely upon the use of microshine. There is no direct proof of the slippery or oily condition of the floor, but that condition is left to inference from the greasy or oily condition of the clothing and body of the plaintiff, and the fact that she, of necessity, must have rubbed such substance off the floor when she fell, since no grease or oil were on her person before she fell. That is a permissible inference, and the jury was justified in drawing such inference from proof in this record. But

the plaintiff does not clearly show that the oily or greasy condition of the floor caused her to fall.

There is no evidence showing, or tending to show that the defendant knew or should have known of the oily or greasy condition of the floor where the plaintiff fell. Nor is there any evidence from which an inference may be drawn to the effect that the defendant knew or should have known of the oily or greasy condition of the floor at the place and time of the accident. Applying the rule of *Gilmore* v. *Montgomery Ward & Co., supra*, we think that the testimony adduced by the plaintiff relative to knowledge of the defendant in that respect is wholly insufficient to support the verdict.

The evidence relative to the knowledge of the defendant as to the dangerous condition of the floor is such that reasonable men can draw but one conclusion from it. In such case the question of negligence of defendant becomes one of law for the court. *Gilmore* v. *Montgomery Ward & Co., supra; Cooper* v. *Motor Co., supra*. The trial court should have sustained the motion to strike the evidence and direct a verdict for the defendant and it was reversible error to overrule such motion. *Cooper* v. *Motor Co., supra*.

Another defect in the evidence appears from the lack of proof that the amounts allegedly charged or paid for physician's services and for medicine were actually charged or paid. Nor is there any evidence which establishes that the treatment rendered the plaintiff and the medicines used by her were necessary and that the prices charged were reasonable. It is a reasonable assumption that the jury considered those items set forth in her bill of particulars, or at least some portion thereof in consideration of its verdict. Regardless of such consideration by the jury, if a plaintiff relies for recovery for personal injuries upon the amounts expended for medical expenses and attention rendered such plaintiff, the necessity and reasonableness of charges must be shown. *Landau* v. *Farr,*

104 W. Va. 445, 140 S. E. 141, 142; *Konopka* v. *Montgomery Ward & Co.*, 133 W. Va. 775, 58 S. E. 2d 128.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*