Zella C. JOY, Plaintiff in Error,

v.

S. H. KRESS AND COMPANY, a corporation, Defendant in Error.

No. 40247.

Supreme Court of Oklahoma.

Oct. 22, 1963.

Joe M. T. Wilson, Oklahoma City, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, by Henry B. Taliaferro, Jr., Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Plaintiff, Zella C. Joy, brought this action for damages for injuries she sustained in a fall in a store owned by defendant, S. H. Kress and Company, in Oklahoma City, Oklahoma.

In her petition plaintiff alleged that her fall was caused by defendant's negligence in allowing a foreign substance to accumulate and remain on the floor. She al-

leged that the foreign substance was a solution to clean and preserve the floor and that it was slippery.

After plaintiff had introduced all her evidence on the issue of the alleged liability of defendant, she rested. Defendant demurred to the evidence and the demurrer was sustained. Plaintiff's motion for new trial was overruled and she appeals.

Plaintiff argues only one proposition: that plaintiff's evidence made out a prima facie case of negligence and the trial court erred in sustaining the demurrer to the evidence.

Plaintiff called, as her first witness, defendant's employee whose job it was to clean the wooden floors. He testified that on Saturday night prior to the accident on Monday he cleaned or treated the floors with Myco-brite, a clear dressing. He scrubbed it on the floor with a mop. He did the "drying up of the substance on Monday morning" by himself. Nowhere in his testimony is there any description of the ingredients, make-up, consistency, or texture of Myco-brite. Neither is there any indication that he applied it carelessly, negligently or differently than he had at any other time he had applied and dried up this clear dressing.

Plaintiff's testimony about her fall was:

"Well, I was just going along down the aisle and my foot stepped on something slick and my foot slipped and I fell over on my right side, and I knew I was hurt, and I finally raised myself up to a sitting position and then I tried to get up, and I put my hands down on each side of me. Well, I felt then like there was something kind of oil or grease, but I was hurt so badly, and there wasn't anybody in sight that I could call, and so I finally reached up. There was a back counter along the back of the store, and I reached up and got ahold of that and pulled myself up, and was leaning back on that and resting on my left foot, when a girl came on duty there in one of those booths. There wasn't anybody in sight when I fell. And I said to her, she looked up and saw me standing there, and I said, 'Oh, I am hurt. Can you get me a chair?' She called another girl there and they went to tell this manager, I guess; or she went to get the chair, and in the meantime somebody called the manager and he came back there and he asked me where I fell, and I said, 'I fell right here,' and he said, 'I don't see anything there to make you fall.' And I said, 'No, there wasn't anything there in sight or anything,' but I said, 'I slipped.' And he said, 'Can you walk?' and I said, 'No, I can't walk,' and he said, 'Well, I think I had better take you to the hospital.' "

Plaintiff asserts that these facts bring the instant case within the rule stated in Safeway Stores, Inc. v. Whitehead, 190 Okl. 464, 125 P.2d 194, and followed in Chase v. Parry, Okl., 326 P.2d 809, and J. C. Penney Company v. Campbell, Okl., 325 P.2d 1056. In each of those cases we stated that the evidence was sufficient to present the issue of the negligence of the defendant to the jury. However, in those cases we summarized the evidence which showed that the floors were oiled, waxed, or shined; that the substances used on the floors were such as to cause the floors to become slick or slippery; and that the plaintiff slipped because of that slick or slippery condition.

In the instant case there is a complete lack of evidence or inference that the Myco-brite used by defendant was such as to cause the floor to be slick or slippery or that plaintiff slipped because of such "dressing" being applied to the floor.

This case is similar to J. C. Penney Company v. Johnson, Okl., 364 P.2d 1111, in which plaintiff alleged defendant was negligent in dropping a pencil on the floor on which plaintiff stepped and fell. Plaintiff failed to present any evidence that the pencil was ever actually on the floor. We held that the trial court erred in overruling defendant's demurrer to the evidence and motion for directed verdict. In the instant

case there is no evidence that a slick or slippery substance was ever applied to the floor. Therefore it cannot be inferred that the "oil or grease" plaintiff felt on her hands after her fall was the floor dressing which defendant applied. And, of course, there is plaintiff's own testimony that immediately after her fall she saw nothing on the floor which caused her to fall.

We agree with the trial court that the evidence was insufficient to present the issue of the negligence of the defendant to the jury. Safeway Stores, Inc. v. Criner, Okl., 380 P.2d 712.

Affirmed.