J. C. PENNEY COMPANY, a Corporation,
Plaintiff in Error,

v.

Lula HOOVER, Defendant in Error.

No. 41060.

Supreme Court of Oklahoma.

May 10, 1966.

Horsley, Epton & Culp, Wewoka, Stevenson, Huser & Huser, Holdenville, for plaintiff in error.

Sandlin & Daugherty, by Hugh M. Sandlin, Holdenville, for defendant in error.

## PER CURIAM:

During the noon hour on May 15, 1962, Lula Hoover, 64 and somewhat infirm, slipped and fell on the wooden floor of the J. C. Penney store at Holdenville. At trial of her action based on alleged negligence, her companion testified she had seen a skid mark on the floor in an area darker at that point, which area was about 18 inches by 18 inches in size.

It was and is plaintiff's position that a floor preservative and dust controller known as "Myco Sheen", applied a month before, had been spread on that portion of the floor in excessive quantity, as evidenced by a dark stain, and that it was unusually slick and, therefore, dangerous. Defendant attacks the judgment on the verdict for plaintiff, primarily because there was insufficient evidence of negligence for submission to the jury. We agree.

Accordingly, disposition of defendant's alternative contention that for other reasons it is entitled to a new trial, is unnecessary.

A stairway leading to ladies' ready to wear was at the rear of defendant's store. Plaintiff's companion was en route to that department and preceded plaintiff toward the stairway. Just before plaintiff reached the stairway, her right foot slipped and she fell on her right knee and hand. With her right hand she felt a substance that seemed to be "wax, oil or something else." She did not testify that she saw a dark spot or stain. She did not then or later look at the spot where she fell, she spoke of no skid mark, and she testified to no oily or other foreign substance on her clothing or on the bottom of her shoes.

Four employees of defendant, each of whom examined the area immediately after plaintiff fell, positively and unequivocally testified there was no stain or dark spot in front of the stairway and that the floor was clean. However, plaintiff's companion testified she saw such a brown stain, darker than the rest of the floor, and located about a foot to 18 inches in front of the stairway. She said she saw a skid mark in this area.

Since an appellate court cannot and would not usurp the function of finders of fact, who may well have believed this latter testimony and disbelieved that of defendant's employees in deciding the issue, this Court must view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to plaintiff. So viewed, it was insufficient to make a submissible case on actionable negligence of the storekeeper:

This was a heavily traveled area, leading not only to the ready to wear department but also to the ladies' restroom. There was a brown strip about 2 inches wide immediately adjacent to the stairs, but this is not where people step nor was it where plaintiff slipped. Defendant's maintenance man testified he treated the floor with Myco Sheen, a product which had been used at this store twenty years, customarily applying it each three months. He had applied it about a month earlier, and had since swept the floor each day. Each application was with a new mop, not dipped in the substance; rather, the liquid was poured on the mop.

He conceded that "if" this fluid were put on "pretty thick" it "might" be slick before it dried. But he denied applying it too heavily a month earlier; this evidence stands uncontradicted except by the testimony of plaintiff and her companion that the floor was slippery at this point.

There was no other evidence that the spot where plaintiff fell was, in fact, un-

usually slippery and, therefore, dangerous. Plaintiff, herself, had been in the store many times. Her companion had walked across the spot. She did not slip or testify she then noticed it was slick. There was no evidence that any other person had slipped there during the preceding month, although an undisclosed number of customers and employees obviously had walked there. Two witnesses for defendant testified that Myco Sheen does not cause a slick or slippery surface.

The record is barren of testimony, otherwise, as to the contents, consistency or texture of Myco Sheen. There is no indication that defendant's employee applied the substance too heavily or any differently than he had at any other time. He specifically denied that he did so, as mentioned. Nor is it suggested that it would not have dried, or did not dry, in the month after its last application.

Generalizations basic to decision in this type of case are these: A storekeeper must exercise ordinary care to keep that part of his premises ordinarily used by customers in a reasonably safe condition. Because he is in charge of them, he has superior opportunity to know of dangerous conditions which, in reason, would not be known to his customers, and when there is, in fact, such a condition of danger, he has a duty to warn. But he is not an insurer, he has a legal right to treat his floors with proper substances, and to do so is not negligence or evidence of negligence. And the fact that a customer slips and falls, of itself, gives rise to no presumption of negligence.

But as in other legal areas, difficulty arises on application of these general rules to specific evidence; it is not always easy to draw a distinct line between the submissible case and the one that is not. Depending on the evidence considered, some courts of other jurisdictions have affirmed plaintiff judgments in cases involving a substance bearing the same trade name as that in this appeal: Harris v. Montgomery Ward & Company, 230 N.C. 485, 53 S.E.2d 536 (floor dressing was applied the day plaintiff fell); Phelps v. Montgomery Ward & Company, 231 Mo.App. 595, 107 S.W.2d 939 (the preparation was applied three days before, there were grease marks on plaintiff's clothes and a skid mark, and the point of fall was in a different condition from the rest of the floor); S. H. Kress & Company v. Evans, 70 Ariz. 175, 218 P.2d 486 (plaintiff's clothing and stocking were soiled with oil and grease, the floor was dressed at least weekly with Myco Sheen, and the maker's sales representative testified it could cause trouble if not properly applied); S. H. Kress & Company v. Telford, 5 Cir., 240 F.2d 70 (the product was applied three days before plaintiff fell; there was expert testimony that, when put on a floor of this type, it would render it slippery; other witnesses had slipped or fallen and they confirmed that the spot was slick); O'Connor v. J. C. Penney Co., 211 Minn. 602, 2 N.W.2d 419 (though Myco Sheen had been applied two months before the injury, there was evidence defendant had not followed the manufacturer's instructions).

Other courts have ruled conversely: Illustratively: Dudley v. Montgomery Ward & Company, 64 Wyo. 357, 192 P.2d 617 (there was oil on plaintiff's face and clothing and a white streak where her foot had slipped; but the only proof as to Myco Sheen, placed there five days earlier, was that it was a transparent product which would not stain clothing and was not oily); Montgomery Ward & Company v. Windham, 195 Miss. 848, 16 So.2d 622, 17 So.2d 208; Wendell v. G. C. Murphy Co., 137 W. Va. 135, 70 S.E.2d 252 (the substance had been applied ten days earlier.)

The foundation underlying the reported cases is that plaintiff must present proof that there was an actual condition of danger; Annotation: 63 A.L.R.2d 591, 596, 601. While ordinarily the question of negligence in cases of this type may be one for jury determination, in failure of competent proof of this foundation, a plaintiff's case falls as a matter of law. Here, despite un-

controverted evidence to the contrary, plaintiff seeks an inference that floor dressing had been applied in an unusual manner and too heavily (therefore, negligently) so that the floor became slick. To this she would add an inference that this point of heavy traffic remained in that slippery condition for a month; thus, that it was dangerous and was so allowed to remain. Inference heaped upon inference does not result in competent evidence.

Extrinsic evidence clearer and more convincing than testimony by plaintiff and her companion, subjectively describing the floor as "slick", is necessary. Though this testimony was coupled with evidence of a mark apparently made by her skidding shoe, this to has been declared insufficient; Dixon v. Hart, 344 Ill.App. 432, 101 N.E.2d 282, 285. Presence of such a skid mark, while relevant, is not conclusive; 63 A.L.R.2d at 603–604.

Apart from illuminating case law elsewhere, plaintiff urges this case is governed by J. C. Penney Company v. Campbell, Okl., 325 P.2d 1056, which affirmed plaintiff's judgment, following Safeway Stores v. Whitehead, 190 Okl. 464, 125 P.2d 194.

In considering the above cases in Joy v. S. H. Kress & Company, Okl., 386 P.2d 148, wherein we affirmed the order of the trial court sustaining a demurrer to plaintiff's evidence, we said:

"* * * In each of those cases we stated that the evidence was sufficient to present the issue of the negligence of the defendant to the jury. However, in those cases we summarized the evidence which showed that the floors were oiled, waxed, or shined; that the substances used on the floors were such as to cause the floors to become slick or slippery; and that the plaintiff slipped because of that slick or slippery condition.

"In the instant case there is a complete lack of evidence or inference that the Mycobrite used by defendant was such as to cause the floor to be slick or slippery or that plaintiff slipped because of such 'dressing' being applied to the floor."

In the Kress case above, two days before plaintiff's accident the floor was treated with "Mycobrite", and scrubbed on with a mop and dried on the morning of plaintiff's fall.

■ Assuming presence of the skid mark to which plaintiff's companion testified here (and also that it was a mark left by plaintiff's right shoe) such evidence is inadequate to permit reasonable inference either that the substance used by defendant, of itself, caused a dangerous condition or that such dressing had been improperly applied many days earlier. Indeed, there is no evidence here that a slick or slippery substance was ever applied to this floor; so it may not be inferred, fairly, that the "wax, oil or something else" plaintiff felt on her right hand after her fall was Myco Sheen that defendant had put there.

As plaintiff provided insufficient competent evidence from which it legitimately could be inferred either that she fell in a spot of danger or that this condition, if dangerous, was caused or permitted to remain by the storekeeper, it follows that the trial court should have directed a verdict for defendant.

Reversed with direction to enter judgment for defendant.

The Court acknowledges the services of Loyd Benefield, who with the aid and counsel of V. P. Crowe and Paul Darrough, Sr., as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Justice PAT IRWIN, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.